JOSEPH MEEHAN, as Executor, etc., of ELIZA MEEHAN, Deceased, Appellant, v. THE EMIGRANT INDUSTRIAL SAVINGS BANK and Another, Respondents.

*Trusts — creation — testatrix deposited money in savings bank in her name for named niece — testatrix's bank book was not delivered to niece — trust was revocable — not having revoked trust before death or by will, niece takes money thereunder.*

Appeal from a judgment of the Supreme Court 'n favor of the defendants, entered in the New York county clerk's office January 7, 1924, upon the decision of the court dismissing the complaint and directing that the Emigrant Industrial Savings Bank pay to the defendant Lizzie Quirk the sum of $5,242.96.

Judgment affirmed, with costs. No opinion. Present — Clarke, P. J., Dowling, Finch, McAvoy and Martin, JJ.; Clarke, P. J., and Dowling, J., dissent.

CLARKE, P. J. (dissenting): This action was brought to determine the ownership of an account in the said savings bank standing in the form of " Eliza Meehan

for niece Lizzie Quirk." Plaintiff is the son and executor of the last will and testament of Eliza Meehan, deceased, and claims this fund as part of the assets of her estate. The defendant Lizzie Quirk likewise claims it and the defendant bank stands indifferent. On the 27th of April, 1900, Eliza Meehan opened the account with an initial deposit of $2,390, evidenced by pass book No. 412763 issued by said bank and is in form, " Eliza Meehan for niece Lizzie Quirk." At that time the decedent had a number of other savings bank accounts and in this particular bank, the Emigrant Industrial, she had an account in her own name to the credit of which on said date there was the sum of $3,049.69. Three thousand dollars was the highest amount which at that time the bank would accept from any one depositor. It is conceded that the money was her own and that no part of it belonged to Lizzie Quirk. Up to the time of her death said Eliza Meehan was in sole control of said deposit and of the pass book representing it and exercised sole dominion over it. The pass book was in her possession. Lizzie Quirk had no knowledge of the existence of this account and testified that she had never seen the bank book before the day of the trial. It was kept by Eliza Meehan in her tin box with her other bank books and was listed on two slips of paper by said Eliza Meehan herself as being part of her possessions. There were no withdrawals from nor additions to either of these accounts in the Emigrant Industrial Savings Bank. The older book, which was opened on October 6, 1894, simply showed the accrued interest added thereon from time to time. The newer book, the one in question, shows the same state of affairs, the interest being added to both accounts at the same time. On June 22, 1910, the said Eliza Meehan died leaving a last will and testament bearing date January 7, 1908, about eight years after the accounts in question were opened. The 2d paragraph of her will provided: " I give and bequeath to my niece Elizabeth Quirk of the City of New York the sum of One Thousand Dollars." The 3d paragraph provided: " All the rest, residue and remainder of my estate, of every kind and description and wheresoever situate, I give, devise and bequeath to my son Joseph F. Meehan absolutely." Practically all of the estate of Eliza Meehan came to her from her husband who died intestate, the children, among them the plaintiff herein, having signed over their interest in their father's estate to their mother, the said Eliza Meehan. Eliza Meehan is described as an active and capable business woman. I am of the opinion that the opening of the account in the manner it was opened created a tentative trust in favor of Lizzie Quirk, and if Mrs. Meehan had died intestate Lizzie Quirk would have been entitled to the money represented in said account. But Mrs. Meehan did not die intestate. She made her will, which has been duly probated, eight years after opening said account; and in said will she disposed of her whole estate, leaving to Lizzie Quirk a specific legacy of $1,000, and all the rest, residue and remainder to her son. Being of sound and disposing mind and free from undue influence, she had the right to dispose of her property as she pleased, and she did so dispose of it. I can find no evidence in this case to sustain — in the face of this testamentary disposition — the proposition that she had created an irrevocable trust in favor of Lizzie Quirk. She made no declaration to her, she did not deliver the bank book to her, or show it to her, or tell her about it. Indisputably if she had the intention that Lizzie should receive this deposit, she had the right to change her mind. That she did change her mind is demonstrated by the terms of her last will and testament. In my opinion, it would be most dangerous, on

the flimsy testimony presented in this case, to interfere with the most solemn instrument known to the law and to defeat the testatrix's last wishes, clearly, definitely and formally expressed. I vote to reverse this judgment and for judgment for the appellant.