In the Matter of the Application of EDITH COHN, as Administratrix, etc., of LEOPOLD COHN, Deceased, to Discover Certain Property Claimed to Be Withheld. ESTHER B. LOLIS, Appellant; EDITH COHN, as Administratrix, etc., of LEOPOLD COHN, Deceased, Respondent.— Decree of the Surrogate's Court of Kings County, confirming a report of a referee that certain certificates of stock were the property of the decedent and had not been made the subject of gifts *inter vivos* by the decedent to the claimant-appellant, unanimously affirmed, with costs, payable by the appellant personally. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ.

In the Matter of the Petition of LILIE HOROWITZ for a Dissolution of the LUBRIGHT SERVICE STATIONS, INC. LILIE HOROWITZ, Respondent; ROSE GERSHMAN Appellant; JULIUS KREISMAN, Purchaser, Appellant.— On appeal by Rose Gershman and Julius Kreisman from an order granting motion of receiver of a corporation for an order authorizing him to sell real property to the extent of authorizing the receiver to sell the property to Lilie Horowitz upon conditions therein set forth, order affirmed, with ten dollars costs and disbursements, payable by appellant Julius Kreisman. No opinion. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

In the Matter of the Judicial Settlement of the Account of Proceedings of MAY ROACH KELLY and HIGHLAND-QUASSAICK NATIONAL BANK AND TRUST COMPANY OF NEWBURGH, as Executors, etc., of PETER A. KELLY, Deceased. MAY ROACH KELLY and HIGHLAND-QUASSAICK NATIONAL BANK AND TRUST COMPANY OF NEWBURGH, as Executors, etc., of PETER A. KELLY, Deceased, Respondents; MARY C. KELLY and JOHN J. KELLY, Appellants.— In a proceeding for the settlement of respondents' account as executors, order of the Surrogate's Court of Orange County modified by striking therefrom the first decretal paragraph, and substituting therefor a paragraph adjudging that the claim of appellant Mary C. Kelly for the sum of $11,047.50 is allowed to the extent of $725, with interest thereon from June 1, 1934, and otherwise disallowed. As so modified the order is unanimously affirmed, with costs to appellants and respondents, payable out of the estate. We agree with the surrogate that the provision in the divorce decree for the support and maintenance of testator's son contemplated only the usual college course of four years; but the monthly payments were not limited to the periods actually spent in college. The claim should, therefore, have been allowed to the extent of the difference between the amount paid and the total amount payable for four years at $1,200 a year. Sections 134 and 239 of the Banking Law are not applicable to the interest account standing in the name of the testator and his wife. Ownership of the fund must, therefore, be determined under common-law rules. The usual rule that a bank deposit made in the names of two persons is presumed to be made for convenience only (*Matter of Bolin*, 136 N. Y. 177) is subject to an exception where the parties are husband and wife. In the latter case the husband is presumed to have intended to benefit the wife by conferring upon her the right of survivorship. (*Matter of Meehan*, 59 App. Div. 156; *West v. McCullough*, 123 id. 846.) Here, the presumption in the wife's favor is supported by other evidence of such intention on the part of the husband. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.