Samuel Faile, S.
Objections have been interposed by decedent’s husband to the inclusion in the executor’s account of the sum of $3,000 representing the proceeds of a savings account in the name of decedent, in trust for John A. Campbell.
The testatrix died on December 23, 1952 a resident of Westchester County. Her will was admitted to probate and letters testamentary thereon were issued by this court on January 9, 1953. The bank account in question has its situs in a savings bank in Connecticut and the passbook upon such account was found in the decedent’s safe-deposit box in Rye, New York, subsequent to her death. The leading New York case relating *644 to the law of tentative trusts is Matter of Totten (179 N. Y. 112). In that case, the court in a decision by Vastst, J., stated at page 125: “ A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass book or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor.”
Thus under the law of New York, upon the death of the depositor a presumption would arise that an absolute trust was created in favor of the beneficiary. (See, also, Banking Law, § 239, subd. 2.) This presumption is not conclusive but may be overcome by competent evidence of the depositor’s contrary intent. (Matter of Totten, supra; Morris v. Sheehan, 112 Misc. 222, affd. 199 App. Div. 968, affd. 234 N. Y. 366.) No evidence has been presented indicating any revocation or disaffirmance by the depositor to overcome the presumption of an absolute trust.
Although the bank account has its situs in Connecticut, the law of decedent’s domicile, in the absence of a contrary intent, governs the validity and disposition of such a deposit. (Morris v. Sheehan, supra; Matter of Weinstein, 176 Misc. 592.) As the will contains no express reference to such fund, the deposit may not be regarded as revoked by the residuary clause of the will. (Meehan v. Emigrant Ind. Sav. Bank, 213 App. Div. 807, affd. 241 N. Y. 564.) Accordingly the objection is sustained and the court determines that John A. Campbell is entitled to the balance on deposit in such account.
The husband claims title to household furniture valued at $325 and $1,000 in cash by reason of the provisions of section 200 of the Surrogate’s Court Act and objects to the inclusion of these items in the executor’s account. These assets became the property of the husband upon the death of the decedent and form no part of the estate assets. (Matter of Curley, 151 Misc. 664, affd. 269 N. Y. 548.) Accordingly the executor is directed to deliver the aforesaid property to the husband. The only other objection interposed to the executor’s account has been withdrawn.
Settle decree.