S. Samuel Di Falco, S.
The executrix who is the surviving spouse of the decedent seeks a construction of his will which is dated November 19, 1954. He died on March 20, 1959 leaving a gross estate of $112,752.59 of which $110,978.07 consisted of stocks and bonds. Paragraph Third of testator’s will reads as follows: “ All the rest, residue and remainder of my estate, real, personal or mixed, and wherever situate, which at the time of my death shall belong to me, or be subject to my disposal, I give, devise and' bequeath unto my wife, helex steward waloott, to be used by her as she may see fit for her comfort and maintenance. Upon her death I request that the securities representing stocks and bonds which she may have received from me at my demise be disposed of as hereinafter set forth in my Will as the same concerns the disposition of my estate as the result of a common disaster or in the event that my wife should predecease me.”
In paragraph Fifth of the will testator made the dispositions of his estate to collateral relatives and certain institutions in the event his wife predeceased him or that they died in a common disaster or so nearly together that there would not be reasonable time to probate his will and thereby formally establish rights thereunder. The executrix filed the New York State estate tax return claiming a marital deduction based on an outright disposition of the entire estate to her. The tax appraiser *436 granted the deduction and an order fixing the estate tax was entered. The State Tax Commission filed a notice of appeal from that order. The parties agreed that the appeal be held in abeyance pending the determination of the question in this proceeding.
The widow contends that the bequest to her in paragraph Third of the will was absolute and that it was not cut down By the subsequent words which she states are precatory and not words of command. The State Tax Commission takes the position that the language in paragraph Third creates merely a legal life estate in the widow which does not qualify for the marital deduction under section 249-s (subd. 3, par. [b]) of the Tax Law.
The court agrees with the contention of the State Tax Commission. The interest of the surviving spouse being terminable does not qualify for the marital deduction. (Matter of Pipe v. Commissioner of Internal Revenue, 241 F. 2d 210, cert, denied 355 U. S. 814.) Submit decree on notice.