S. Samuel Di Falco, S.
This is an appeal by the executor from the pro forma order of August 16, 1963 fixing the estate tax on the appraiser’s report. The ground of appeal is that the appraiser failed to allow a marital deduction to the surviving spouse in respect to the interest passing to her by reason of the decedent’s death. The decedent died on July 8, 1962 and the joint will executed by the decedent and his surviving spouse on December 7, 1956 was duly admitted to probate on November 1, 1962.
Included in the gross taxable estate were savings bank accounts totaling $23,436.96 in the name of the decedent in trust for his wife and joint savings accounts totaling $30,405.64 in the name of the decedent and his wife in banks in this jurisdiction. The State Tax Commission contends that these accounts were revoked by the provisions of the will and the proceeds thereof constitute part of the residuary estate passing under the will. The argument is made that under the terms of the will the widow receives a terminal interest in the residuary estate which, pursuant to section 249-s of the Tax Law does not qualify for a marital deduction and that the appraiser was correct in only allowing to the widow a deduction of $4,500.89, the value of her life estate in the residuary trust.
In support of this contention the State Tax Commission relies solely on the provisions in the fourth paragraph of the will which provide that in the event the parties die in a common disaster “ or upon the death of the survivor of us we direct ” the division of the residue among named individuals. The will makes no reference to the bank accounts. The contention of the State Tax Commission is overruled and the appeal of the • executor is sustained. The court holds that the language of the fourth paragraph of the will alone does not constitute a disaffirmance. of the presumption arising under section 239 of the Banking Law that the widow as beneficiary of the trust accounts and as survivor of the joint accounts is entitled to the funds on the death of the decedent (Matter of Totten, 179 N. Y. 112; Clary v. Fitzgerald, 155 App. Div. 659, affd. 213 N. Y. 696). Where no reference is made to the bank accounts, it has been held that the residuary clause in the will does not constitute a revocation of the bank accounts (Meehan v. Emigrant Ind. *775 Sav. Bank, 213 App. Div. 807, affd. 241 N. Y. 564; Matter of Campbell, 4 Misc 2d 643).
Since the total of the bank accounts passing to the widow exceeds one half the adjusted gross estate, the estate is entitled to a full marital deduction.