Harry G. Herman, S.
In this appeal by the executrix from the pro forma order of this court, dated October 17, 1963, assessing the estate tax in this estate, the question presented is whether the testator bequeathed his residuary estate outright to his wife, thus qualifying said bequest for the marital deduction (Tax Law, § 249-s, subd. 3, par. [a]), or whether she received only a life estate, or other terminable interest, which would not qualify for the marital deduction (Tax Law, § 249-s, subd. 3, par. [b]; Matter of Walcott, 27 Misc 2d 435).
The testator died on November 13, 1961. His will, dated April 12, 1961, was admitted to probate on January 22, 1962. *910 The will is captioned ‘ ‘ joint last will and testament ’ ’ and is declared by Louis Silverman, the decedent, and Florence Silver-man, his widow, to be ‘1 as and for our joint Last Will and Testament, hereby revoking all Wills and Codicils by either or both of us at any time previously made. ’ ’ The will provides:
“ second Upon the death of one of us leaving the other surviving, all the property and estate, of every kind and nature and wheresoever situate, of the one so dying first, or of which he or she has power of disposal, is hereby given, devised and bequeathed to the survivor, absolutely and without limitation or restriction whatever.
‘ ‘ third Upon the death of the survivor, or in the event that we both die at the same time, or as the result of a common accident or disaster, we give, devise and bequeath the rest, residue and remainder of our estate to the trustee hereinafter named to be disposed of as hereinafter set forth.
“ fourth We give and bequeath to betty mann, sister of FLORENCE SILVERMAN, the SUm of FIVE THOUSAND ($5,000.00) dollars if she survives both of us. Otherwise, the said sum shall remain in, and be part of our estate, to be disposed of as is hereinafter set forth.
“fifth * * * Upon the death of both of us, we direct that our trustee apply the income and as much of the principal as will be necessary, to the maintenance and education of our said sons during their minority and until the trust is terminated as provided for herein; * * *
“ sixth Upon the death of one of us, leaving the other surviving, the survivor of us is hereby appointed executor of this, as the Last Will and Testament of the one so dying first, to qualify and serve without bond. Upon the death of both of us, betty mann is hereby appointed executrix and trustee of us and each of us and of our joint and respective Wills as herein expressed, to qualify and serve without bond. In the event betty mann shall not be able to qualify or serve, or continue to serve as executrix and trustee, we nominate, constitute and appoint her son-in-law, Alexander springer, as substitute or successor executor and trustee, to qualify and serve without bond.”
The widow as executrix urges: that this was the individual will of each maker, and the joint will of both but only in a common disaster; that under article ‘‘ second ’ ’ of the will the survivor received the residuary estate outright; that the survivor is not restrained from making a new will (Edson v. Parsons, 155 N. Y. 555; Oursler v. Armstrong, 10 N Y 2d 385); and that the residuary legacy qualified for the marital deduc *911 tion. As to those provisions of the will following article “second”, the widow relies on the rule of construction that when there is an absolute gift of real property, it cannot be qualified or cut down unless the latter provisions of the will show, by use of words definite in their meaning and by expressions which must be regarded as imperative, that to do so was the clear intention of the testator (Tillman v. Ogren, 227 N. Y. 495, 505; Matter of Gardner, 140 N. Y. 122; Roseboom v. Roseboom, 81 N. Y. 356).
The widow also notes that a marital deduction was allowed with regard to the Federal estate tax return. The determination of the Federal taxing authorities is, of course, not binding on the State Tax Commission, which is not precluded from making its own findings and relying on its own interpretation of the will (Matter of Whalen, 41 Misc 2d 825, 830).
The State Tax Commission, pointing to articles “third”, “ fourth ”, “ fifth ”, and “ sixth ” of the will, urges that this is a joint will creating enforcible contract rights in favor of the children, under which the widow receives the right to use the property during her life as she pleases, short of making a different testamentary disposition or gift which would defeat the purpose of the agreement (Rich v. Mottek, 11 N Y 2d 90, 93-94; Tutunjian v. Vetzigian, 299 N. Y. 315; Rastetter v. Hoenninger, 214 N. Y. 66, 73; Hermann v. Ludwig, 186 App. Div. 287, affd. 229 N. Y. 544; Swerdfeger v. Swerdfeger, 4 A D 2d 535; Matter of Nelson, 200 Misc. 3).
The execution of a joint and mutual will (i.e., a single instrument executed by two or more persons with reciprocal provisions) does not of itself establish a contract not to revoke the instrument, although such a will more nearly imports a contract than separate mutual wills (Rastetter v. Hoenninger, supra, p. 73). In the absence of an express agreement reciprocal provisions in mutual wills will not warrant equitable intervention unless the circumstances surrounding the transaction compel the conclusion that the parties intended and undertook to bind themselves and their estates irrevocably in the event of the death of one (Edson v. Parsons, 155 N. Y. 555, supra).
However, in this class of cases the ordinary rules governing actions for specific performance are rigidly applied. “ These rules require the contract to be certain and definite in all its parts; that it be mutual and founded upon an adequate consideration and that it be established by the clearest and most convincing evidence.” (Opinion of Barrett, J., in Gall v. Gall, 29 Abb. N. C. 19, quoted with approval in Edson v. Parsons, supra, p. 568.) As stated by Gray, J., in Edson v. Parsons *912 (supra, p. 568): “ I think it needs no further argument to show that to attribute to a will the quality of irrevocability demands the most indisputable evidence of the agreement, which is relied upon to change its ambulatory nature, and that presumptions will not, and should not, take the place of proof.”
The holdings in Rich v. Mottek (11 N Y 2d 90, supra) and Tutunjian v. Vetzigian (299 N. Y. 315, supra) are clearly distinguishable. Here the survivor was given the property “without limitation or restriction whatever”. Such a provision is inconsistent with a mere life estate, or with a life estate and a power of disposition during the lifetime of the survivor. Such a provision is equally inconsistent with any promise or understanding express or implied that the survivor was to be restricted in the testamentary disposition of the property so received. There is here no independent contract and the provisions of the will itself negate the existence of any contractual obligation or of any other legal or moral obligation on the part of the survivor to dispose of any or all of the property so received in any particular manner. However, the provision is quite consistent with an intention to include a provision for a complete disposition of such property in the event that the survivor should fail to dispose of such property during his or her lifetime, or in the event of a common accident or disaster, or in the event of the survivor’s failure to execute a later will.
The court accordingly determines that the widow of decedent received an estate in fee simple rather than a life estate or other terminable interest, and that accordingly she is entitled to a marital deduction (cf. Estate of Vermilya, 41 T. C. 226, P-H TC, 1963, p. 167, par. 41.26; Nettz v. Phillips, 202 F. Supp. 270; Matter of Joffe, N. Y. L. J., June 25, 1959, p. 8, col. 1 [Di Falco, S.]).
The pro forma order fixing tax is modified so as to allow to the widow of the decedent the benefit of the marital deduction.