Edward S. Silver, J.
In this proceeding, one of the coexecutors under testator’s will seeks a determination as to the validity and effect of the widow’s notice of election to take her intestate share against the provisions of the will pursuant to section 18 of Decedent Estate Law.
Testator’s will dated March 9, 1963 was admitted to probate on June 9, 1964. Testator left him surviving his wife and four children. Under paragraph “second” of his will, testator bequeathed to his wife “ all those funds which I have deposited in our joint names ” in the bank. No other provision was made for her under the will. The approximate balance remaining in the joint bank account at testator’s death was $2,500. The *171 petitioner seeks a determination as to whether the amount on deposit in the joint account passes “ outside ” the estate to the widow in addition to $1,000 exempt property or whether the amount of the joint account shall be included in the estate in computing the elective share.
The amount remaining on deposit in the joint bank account became the property of testator’s surviving wife and forms no part of the estate (Banking Law, § 239; Matter of McCarthy, 164 Misc. 719, 724, affd. 254 App. Div. 827; Matter of Kelly, 259 App. Div. 1024, mod. on other grounds 285 N. Y. 139). The fact that withdrawals may have been made from the account by either joint owner for his own use does not affect the right of the survivor to the balance (Matter of Suter, 258 N. Y. 104). There is no proof to overcome the presumption that when the account was opened the parties intended to vest title to the balance in the survivor. Thus, the testator by his will attempted to give to his wife no more than she already owned by operation of law (Kelly v. Beers, 194 N. Y. 60, 63; Matter of Fairbairn, 265 App. Div. 431, 433; Moskowitz v. Marrow, 251 N. Y. 380, 388, 396; Matter of Lorch, 33 N. Y. S. 2d 157, 167).
The court determines that testator’s widow has an absolute right to elect to take her intestate share against the will (Matter of Wittner, 301 N. Y. 461, 464; Matter of Matthews, 279 N. Y. 732; Matter of Aaronson, 20 A D 2d 133). In computing the widow’s intestate share the amount of $1,000 shall first be set off as exempt property to the widow (Surrogate’s Ct. Act, § 200, subd. 4; Matter of Campbell, 4 Misc 2d 643; Matter of Driscoll, 12 Misc 2d 427). The balance in the joint bank account belongs to testator’s wife as survivor and shall not be taken into account in computing the elective share (cases cited, supra).