Harry G. Herman, S.
The executors in this estate appeal from a pro forma order of this court, dated March 26, 1964, which denied a marital deduction in fixing the estate tax.
The decedent died on April 23, 1968, survived ¡by his widow. The joint and mutual will of the decedent and his wife was admitted to probate as the decedent’s last will and testament on June 27,1968.
The question presented is whether the testator bequeathed his residuary estate outright to his wife, thus qualifying said bequest for the marital deduction (Tax Law, § 249-s, subd. 3, par. [a]; Matter of Silverman, 43 Misc 2d 909), or whether she received only a life estate or other terminable interest, which would not qualify for the marital deduction (Tax Law, § 249-s, subd. 3, par. [b]; Matter of Walcott, 27 Misc 2d 435).
The holding in Matter of Silverman (supra) is inapplicable. In the Silverman case, the will provided for a disposition of the property in favor of the survivor ‘ ‘ absolutely and without limitation or restriction whatever ” (p. 910).
Unlike the will construed in Matter of Silverman (supra) the words of this will expressly prohibit the survivor from making a new will: 1 ‘ first: we, giuseppe manganiello and Caroline *269 manganiello, each mutually in consideration of the other making his or her Will and of the provisions made herein in each other’s behalf hereby agree each with the other to abide by the joint and mutual Will as herein made and not to malee cmy Will or Codicil different than this before or after the death of either one of us and further agree that the same cannot be changed or varied by either in any way without the consent in writing of the other.” (Emphasis added.)
Moreover, article “fifth” of the will contains an express provision for the disposition of all property owned by either at the time of death of the survivor in the following language: “fifth: All the rest, residue and remainder of this estate, both real and personal, of every nature and wherever situate, owned by either of us at the time of death of either of us, is devised and bequeathed to the survivor of us for his or her own use and benefit forever. At the death of the survivor, after all funeral expenses and debts have been paid in accordance with paragraph ‘ second ’ of this Will, and after the bequests for Masses have been made and paid, in accordance with paragraphs ‘ third ’ and 1 fourth ’ of this Will, the remaining estate shall be distributed pursuant to and in accordance with the provisions of this Will as set forth hereafter.”
The latter provision and article ‘ ‘ first ’ ’ of the will, when considered together, clearly establish a contract not to revoke the instrument and indicate an intent to create in the survivor the right to use the property during his or her lifetime as he or she pleases, short of making a different testamentary disposition or gift which would defeat the purposes of the agreement (see Matter of Silverman, supra, p. 911 and cases cited therein). This would be a terminable interest, not qualifying for the marital deduction (Matter of Walcott, supra).
Counsel for the executors makes the additional argument that, even if this ibe so, this affects only the so-called “ testamentary estate ”, and not property passing outside the will.
The gross estate for estate tax purposes herein was appraised at $375,932.10, including jointly held property, appraised at $354,081.71, which normally would have passed outright to the widow by right of survivorship. This jointly held property consisted of real estate, appraised at $254,000; bonds and mortgages, $25,416.50; and savings accounts, $74,665.21. As the jointly held real estate alone exceeds one half the adjusted gross estate, it is claimed that the estate is entitled to a full marital deduction (Matter of Basch, 41 Misc 2d 773).
This argument begs the question. The question first to be determined is whether any property held in the names of either *270 or both passes outside the will, or whether the will by its terms is a contract controlling the devolution of any property so held.
In Azzara v. Azzara (1 A D 2d 1012, rearg. and lv. to app. den. 2 A D 2d 760, app. dsmd. 2 N Y 2d 829) the Appellate Division, Second Department, in a memorandum decision, stated (p. 1013): “While neither a husband nor a wife can dispose of property owned by them as tenants by the entirety so as to affect the right of survivorship, they may do so by acting in concert, or by a joint will, or by a contract. ’ ’
Such a binding agreement is established when the joint will expressly contains an agreement that it will not be revoked (Azzara v. Azzara, supra).
Moreover, article “ seventh ” of the will provides, in part: ‘1 seventh : The surviving testator of this Will, either giuseppe manganiello or Caroline manganiello, as the case may be, bequeaths and devises by this Will all real and personal property in his or her possession at the time of death, as follows ’ ’.
Since article “first” of the will establishes a contractual agreement that the survivor shall not make a new will, the contract revoked the outright absolute ownership of the jointly held property which normally would come into existence by operation of law on the death of the first spouse. The jointly held property was to be disposed of on the death of the surviving spouse pursuant to the provisions of the will (Azzara v. Azzara, supra; Swerdfeger v. Swerdfeger, 4 A D 2d 535).
Since all property including that jointly held passes under the will, it follows that the surviving spouse receives only the use of the jointly held property during her lifetime without power to make a valid different testamentary disposition or gift. Again, this would-be a terminable interest not qualifying for the marital deduction.
Such result applies equally to all the jointly held property. Although Matter of Basch (supra) reached a different result with regard to joint savings accounts, the will there considered did not contain a provision prohibiting the survivor from making a new will.
The pro forma order fixing tax is affirmed.