John D. Bennett, S.
This is an appeal from a pro forma order fixing estate tax. The notice of appeal is dated January 27, 1969 and antedates the tax order which was signed on February 13, 1969. The notice, however, was served on February 21, 1969 and filed on February 25, 1969. It also states that it is the attorney “ for the estate ” who takes the appeal. These discrepancies will be overlooked and the appeal considered on its merits.
The error claimed is in the disallowance of any marital deduction to the widow. The ground asserted by the Tax Commission for such disallowance is that the will gave to the widow at best only a life estate and not a gift absolute. The court recognizes that a life estate or other terminable interest would not qualify for such a deduction (Tax Law, § 249-s, -subd. 3, par. [b]; Matter of Manganiello, 45 Misc 2d 268; Master of Walcott, 27 Misc 2d 435).
The will in question was dated June 25, 1961 and is a joint mutual will signed by the decedent and by his wife who survived him. The appellant affirms that he drafted the will and that the parties prior to execution did not express “ that a contract was intended.” Even if his statement could be received as evidence, he is repeatedly contradicted on .that score by very precise language at several places in the will. In the introductory paragraph the decedent and his wife stated, with emphasis by using capital letters, that they were “ DESIROUS OF MAKING AN AGREEMENT, which shall be binding upon us and the survivor of us * * # and as an agreement binding upon us and the survivor of us.”
*391 Paragraph “ Fifth ” comprises the equivalent of five full pages, with numerous subdivisions, disposing of “ all our property and estates and all the property and the estate or (sic) the survivor and all the property of which we or either of us have power of disposition ’
Their contract is again mentioned in paragraph “ Sixth”: “ We have agreed upon the foregoing disposition of our property and in consideration thereof, it is further agreed that this shall be forever binding upon us cm¡d each of us, and shall bind our devisees, distributees and representatives and that this will shall not be revoked, by us or by the survivor of us”, (Emphasis supplied.)
The dispositive provisions are most lengthy and detailed, demonstrating that both parties, as well as the draftsman, gave full consideration to numerous conditions and contingencies. It is significant, as counsel for the estate points out, that the ■parties to this joint will were aware of the very position the Tax 'Commission would take, and now does take, in interpreting this will as creating a life estate in the survivor, for they specifically stated in paragraph “ Seventh ” that “ (t)he right of a bona fide disposition shall not constitute a life estate ”. Nowhere in the instrument, however, did they provide for any right of absolute disposition, but hedged all of the dispositive language with restrictions concerning the trusts and the proceeds of the property in the hands of the survivor.
Rubenstein v. Mueller (19 N Y 2d 228), is directly in point. In that case it was held that the joint will evidenced an intention that its provisions shall bind the survivor, and the language here is equally restrictive upon the rights of the survivor. As the Court of Appeals said in that case at page 234: “ The survivor’s right to full ownership of the collective property is transformed and modified by this joint agreement, effective by the other’s death * * * into but an interest during the life of the survivor with power to use the principal.”
Undoubtedly, the testator and his wife did not wish the survivor to have a life estate. It may be argued that the survivor derived no estate whatever in the property of the one dying first, but merely the right as estate representative to use, to sell or to otherwise dispose of for the benefit of the estate and of the trusts. This much is clear in any event, that each contracted with the other to dispose of their property in accordance with the instrument, each apparently recognizing that the ■survivor should have some rights to the use or disposition. The express stipulation in paragraph “ Second ”, however, is that *392 such rights would be “ specifically restricted or restramed in this will.” (Emphasis supplied.)
It is clear that the parties contemplated that the survivor would be obligated to follow the plan agreed upon and was not to have any absolute right of disposition of any property unless it or the proceeds of sale or liquidation would go as precisely directed. The parties having made no change in the agreement during decedent’s lifetime, it became obligatory upon the survivor and legally enforceable (Bastetter v. Hoennmger, 214 N. Y. 66, 73).
Upon the reasoning in Matter of Manganiello (45 Misc 2d 268, 270 supra), whether this he deemed a true life estate or not, it appears that the surviving spouse received only the use of the property during her lifetime without power to make, a different testamentary disposition or gift, and “this would he a terminable interest not qualifying for the marital deduction. ’ ’
It appears that the Tax Commission gave the estate the benefit of the doubt and allowed an exemption to the extent permitted by the limitations of § 958 of the Tax Law, for the value of the surviving spouse’s “interest” in the property. The marital deducting, however, is not allowable in this estate and the appeal is denied.