Nathan R». Sobel, g.
The issues, following a denial of summary judgment, have been tried before the court.
The principal question is the nature of the interest of the wife Eitta Chorney in a certificate of deposit purchased with his own funds by her husband, the decedent, during his lifetime, in the names of ‘ ‘ Isidore Chorney or Etta Chorney ’ ’.
The certificate of deposit matured after the death of Mr. Chorney. His estate claims that the issuance of the certificate of deposit in “or” form was merely for convenience and the proceeds are (therefore an estate asset. Mrs. Chorney claims that the issuance of a certificate in 11 husband or wife ’ ’ form created in her a right to the proceeds by survivorship. Neither side during trial was able to present any evidence as to the intent of Mr. Chorney. The testimony of the bank officer is (that there was no expression of purpose or intent. Mrs. Chorney who was present is disqualified (CPLR 4519).
The issue insofar as certificates of deposit are concerned is novel in this State. Indeed there are few decisions discussing the legal effect of bank deposits made in the names of “ husband or wife ’ ’ or other dispositions in that form where there is no express provision for survivorship or evidence of intent and purpose. That issue need not now be decided, for the viewpoint of the court, now briefly summarized, was accepted by the parties after trial and a stipulation entered on the record.
The estate contends (that a certificate of deposit is no different than any other deposit of money in ia bank, gection 675 of the Banking Law provides that such a deposit in the names of two persons payable to either or the survivor creates prima facie a joint tenancy with ownership by each of a moiety and of the whole fund by the survivor. The burden of overcoming such prima facie proof is on the party challenging the right of the survivor.
Concededly that section is not applicable to the certificate of deposit in issue, for it is not in statutory form, gection 675 with its prima facie evidence and burden of proof rule does not apply at all.
However, the estate contends that when a bank deposit is not in statutory form then there is a presumption that it was created for convenience. There is no such rule recognized by our appellate courts (McDonald v. Sargent, 121 Misc. 437).
We do have a rule that gifts, that is, transfers of present interest in property, are not presumed and that the burden of proof to establish a gift is on the donee (Matter of Bolin, 136 N. Y. 177). That rule has never been applied however to gifts between husband and wife or parent and child. The majority rule and the *965 one followed in New York is the other way — that such a transaction between husband and wife is rebuttably presumed to be a gift (Matter of Kelly, 259 App. Div. 1024 ; 41 C. J. S., Husband and Wife, § 153).
Section 675 is not applicable to this kind of a deposit if indeed it is a deposit. That section applies exclusively to joint accounts in statutory form. When the deposit is not in that particular statutory form, no provision of the Banking Law declares its effect or establishes presumptions or rules governing burden of proof. The rights of the parties were governed by statutes found elsewhere.
A statute does provide: “ A disposition of property to two or more persons creates in them a tendency in common, unless expressly declared to be a joint tenancy ” (EPTL 6-2.2, subd. [a], formerly Beal Property Law, § 66 [applicable to personal as well as real property]).
That statute applies to all dispositions of personal property, including all bank deposits not in statutory form, provided the disposition is made to two or more persons.
By decisional law an exception was engrafted on the statute. This exception is discussed in the case of Matter of Levinsky (23 A D 2d 25 and cases cited) and in the 1959 Report of the New York Law Bevision Commission (p. 359 et seq.). This exception applies where the disposition of property or of a bank deposit is to a husband and wife or to a husband or wife and the property or money was derived from the husband [such as in this case]. In such a case, whether it is a disposition of property or a deposit in a bank account (not in statutory form), it was presumed that the husband intended to confer a right of survivor-ship in the property ‘ ‘ but no present ownership of one half or any other part of the property ’ ’ (Matter of Levinsky, supra, p. 28, citing cases).
The Law Bevision Commission labeled the rule as “ anomalous and anachronistic ” and recommended the enactment of then section 56-a of the Domestic Delations Law (L. 1959, ch. 580) now section 3-311 of the General Obligations Law.
A note of the commission stated (p. 359): “ Its purpose is to abrogate the rule that, unless a different intention is shown, a transfer of personal property into the names of husband and wife operates to give the wife a right of survivorship only and creates no present interest in her, if the property, or the consideration for the transaction, came from the husband. Belfanc v. Belfanc, 252 App. Div. 453, 300 N. Y. Supp. 319 (3rd Dept. 1938), affd. 278 N. Y. 563 ; West v. McCullough, 123 App. Div. 846, 108 N. Y. Supp. 493 (2d Dept. 1908), affd. 194 N. Y. 518. It *966 also abrogates the rule under which a bank account in the names of persons who are husband and wife creates a right of survivor-ship in the wife if the money deposited was the husband’s, even though the form of the account is not sufficient, under the Banking Law, to create a joint tenancy.”
The study of the commission (p. 365 et seq.) establishes that the commission intended to abrogate the decisions and rule creating a presumption of survivorship.
With respect to survivorship the new statute provided: “ An instrument or transaction which does not create a right of survivorship in personal property between persons who are not husband and wife shall not create a right of survivorship in personal property between persons who are husband and wife. ’ ’ (General Obligations Law, § 3-311, subd. 2).
After the statute, there is no longer any presumption of survivorship intention flowing from the husband and wife relationship. Survivorship must be proved as in the case of any disposition to strangers to one another. There is simply no presumption at aljL
A different situation exists however with respect to the present interest of the wife created by such a disposition.
The study of the commission reveals that, in abrogating the old presumption of survivorship, it was also intended to enlarge the rights of the wife with respect to a present interest in such a transaction (Matter of Levinsky, 23 A D 2d 25, 28-29, supra). Before the new statute, a wife, because she was such, received no present interest in a disposition of personal property or a bank deposit in joint names (not in statutory form). She was treated by the cases differently with respect to present interest than would strangers to one another in a similar transaction. The new statute eliminated that distinction. With respect to present interest it provided: “ Where an instrument or transaction creating or transferring an interest in personal property would create a joint tenancy or a tenancy in common in persons not husband and wife, it shall create a joint tenancy or a tenancy in common, as the case may be, in persons who are husband and wife.” (General Obligations Law, § 3-311, subd. 1).
The nature of such persons’ (related or unrelated) present interest is determined by EPTL 6-2.2, the husband-wife exception to the provisions of that statute having been abrogated by section 3-311 of the General Obligations Law.
EPTL 6-2.2 as noted supra applies to dispositions of all personal property including bank deposits in joint names, (but not in statutory form). It is therefore irrelevant to determine *967 whether a certificate of deposit is a bank deposit or a different kind of disposition of personal property. It is governed in either event by that statute and only by that statute.
EPTL 6-2.2, heretofore quoted, creates a presumption that a disposition of personal property to any two or more persons creates in them a tenancy in common unless expressly declared to be a joint tenancy. The presumption is rebuttable. Parol evidence is admissible to establish that a joint tenancy and, in consequence, survivorship was intended (Matter of Phillips, 19 A D 2d 743). Parol evidence is also admissible to show that the disposition of personal property or bank deposit in joint names was for convenience (Lombardi v. First Nat. Bank of Hancock, 23 A D 2d 713). But there is no presumption that way — the only presumption created by statute is that of a tenancy in common. “Convenience” must be proved; “joint tenancy” must be proved; “ survivorship ” mut be proved.
In the absence of any proof, as in this case, the presumption of tenancy in common from the nature of the disposition, “ Isidore Chorney or Etta Chorney ”, alone survives.
It may be noted parenthetically that two cases in other jurisdictions take an entirely different approach to certificates of deposit (Light v. Forehand, 446 S. W. 2d 355 [Tex. — Ct. of Civ. App.] ; Matter of Staver, 218 Wis. 114). These cases regard a certificate of deposit as a contract between the depositor “ donor ” and the bank for the benefit of the donee. The bank as promisee contracts to pay to the depositor or to the donee (as the intended beneficiary of a third-party beneficiary contract). Upon the death of the donor, the bank as promisee is required to pay the whole sum to the intended beneficiary.
This approach is not consonant with our statutes and decisions.
In summary, the creation of a bank deposit in the names of “ A and B ” or “ A or B ” but not in statutory form (i.e., “ to be paid or delivered to either, or the survivor of them ”) will be subject to extrinsic proof by parol or other evidence to establish the true nature of the deposit intended. But in the absence of any proof or sufficient proof, the presumption of tenancy in common will prevail (EPTL 6-2.2).
The same rule applies to a disposition of any personal property (mortgages, securities or other tangible property) to two or more persons in such joint names.
The parties, in accordance with the foregoing decision, have stipulated judgment that Mrs. Chorney is a tenant in comm on of the certificate of deposit, with modifications necessitated by collateral issues.