Edward M. Horey, S.
Decedent died October 4,1971. Thereafter, the executor, the Exchange Bank of Olean, New York, filed a petition and schedules for the determination of New York estate tax on motion pursuant to the provisions of SOPA 2004.
Schedule E of the tax schedules entitled “Jointly Owned Property ’ ’ set forth as the sole item thereunder, a Marine Midland bank account No. 741-59802-7. The description of that account as contained in the schedule was as f ollows: “ J. Leo Hughes or Gertrude Hughes, ownership % each $14,537.50 ”. Under the column entitled “ Name of Joint Tenant ’’was entered the name of “ Gertrude Hughes ”. The value of the account reported for the purposes of payment of New York estate tax was $7,268.75.
While the matter was under consideration, the attorney for the executor forwarded a letter to the Surrogate dated Decern *1042 her 8, 1972 referring to the bank account reported as jointly owned property. In this letter the attorney advised as follows: “ This account being No. 741-59802-7 was maintained as follows : ‘ J. Leo Hughes or Gertrude ’. This created a tenancy in common. We have, therefore, included it as one-half taxable. Our authority for this treatment is Matter of Chorney, 66 Misc 2d 963 ”.
Upon review the Surrogate determined that the petition and schedules were insufficient to permit a determination of whether the estate of the decedent was exempt from or subject to New York estate tax. Acting under the provisions of SOPA 2005 and section 249-v of the Tax Law, an order dated January 17, 1973 was made and entered on motion of the Surrogate. That order directed that the official appraiser of the county, one Carl Fuss, County Treasurer, fix the fair market value of the property of the estate which was subject to New York estate tax. The order directed that a certified copy thereof be forwarded to the attorney for the executor, to the New York Estate Tax Attorney for Cattaraugus County, and to the Department of Taxation and Finance.
Report of the appraiser dated February 15, 1973 was submitted to the Surrogate’s Court on that date.. The report advised that the balance of the bank account No. 741-59802-7 was $14,537.50, but that interest of $60.80 had been credited on September 30, 1971 prior to decedent’s death and that such sum should be added leaving a balance for said account as of the date of death of the decedent of $14,598.30. All other assets set forth in the estate tax schedules were reported by the appraiser to be correct. The report contained no advice or information as to the manner in which the subject bank account had been entered or maintained at the bank.
An order of the Surrogate dated and entered March 13, 1973 directed the appraiser to supplement his report by obtaining through a subpoena duces tecum the original signature card executed by the decedent in connection with the establishment and maintenance of bank account No. 741-59802-7 at the Marine Midland Bank, Western, and to forward the same as a supplement to his earlier report. The order directed that a certified copy thereof be forwarded to the attorney for the executor, to the New York Estate Tax Attorney for Cattaraugus County and to the Department of Taxation and Finance.
A supplemental report of the appraiser was filed with the Surrogate’s Court on April 18, 1973. It contained a savings account signature card. It advised that the same had been *1043 produced by one, F. L. Connolly, vice-president of the Marine Midland Bank, Western, who upon being duly sworn had testified that such card was the original signature card maintained by the bank as its original record.
The signature card submitted is entitled in bold print 1 ‘ Savings Account ”. Under a printed entry of “ Name(s) ” there has been entered by typewriter the following: ‘ ‘ hughes, J. Leo & Gertrude J.”. An account number “ 741-59802-7 ” has been entered in type in the upper right hand corner of the card. Following a typed address there is printed upon the card the following first paragraph: “ The undersigned hereby request(s) that you open an account in the name of the undersigned. If there are two undersigned, the account shall be a joint account in the names of the undersigned to be paid to either or the survivor of us, and each authorize the other to endorse, and to deposit to the credit of said account, any checks or other instruments for the payment of money which may be drawn or endorsed to our joint order or to the order of either of us, and either of us may sign withdrawals on said account at any time and receive the whole or any part of said monies.” At the bottom of the signature card under a heading entitled ‘ ‘ Authorized Signature ”, the word “ Mr.” has been circled in ink and there has been inserted in ink the handwritten signature “ J. Leo Hughes ”. Immediately beneath that entry, the word “ Mrs.” has been circled in ink and a handwritten signature “ Gertrude J. Hughes ’ ’ has been entered.
Section 675 of the Banking Law provides in part as follows: “ (a) When a deposit of cash * * * has been made # # # in or with any banking organization * * * in the name of such depositor * * * and another person and in form to be paid or delivered to either, or the survivor of them, such deposit * *■ *■ and any additions thereto made, by either of such persons, after the making thereof, shall become the property of such persons as joint tenants and the same, together with all additions or accruals thereon, shall be held for the exclusive use of the persons so named, and may be paid or delivered to either during the lifetime of both or to the survivor after the death of one of them ”. (Italics added.)
“ (b) The making of such deposit * * * in such form shall, in the absence of fraud or undue influence, be prima facie evidence, in any action or proceeding to which the * * * surviving depositor or shareholder is a party, of the intention of both depositors or shareholders to create a joint tenancy and to vest title to such deposit * * * and additions and *1044 accruals thereon, in such survivor. The burden of proof in refuting such prima facie evidence is upon the party or parties challenging the title of the survivor.”
Subdivision (a) of EPTL 6-2.2 provides: “ A disposition of property to two or more persons creates in them a tenancy in common, unless expressly declared to be a joint tenancy ”, (Italics added.)
Upon review, this court finds that the first printed paragraph of the original savings account signature card to account No. 741-59802-7 expressly provided that that account was to be a joint account to be paid to either or survivor. The court finds that the decedent and his wife subscribed their names as undersigned and thus acknowledged their several agreements to the provisions contained in those printed paragraphs.
This court holds that whether a bank account is held as a joint tenancy or a tenancy in common is not to be determined by the title of the account alone, but that all of the expressed terms, covenants and conditions that were made applicable to the operation of that account must also be considered. Thus considered, it is clear that the deposits of cash made in account No. 741-58902-7 were made to an account “ in a form to be paid or delivered to either or the survivor ” of the decedent and Gertrude J. Hughes, sufficient to meet the requirements of section 675 of the Banking Law. Accordingly, this court holds the account to be a joint account with the proceeds therein owned by decedent and his wife as joint tenants.
The decision of the learned Surrogate in Matter of Chorney (66 Misc 2d 963) concerned a certificate of deposit which was barren of anything other than the names of ‘ ‘ Isadore Chorney or Etta Chorney”, being respectively, the name of decedent and his wife. It did not meet the statutory form and requirements of section 675 of the Banking Law. This was expressly noted by the court (p. 964): “ Concededly that section is not applicable to the certificate of deposit in issue, for it is not in' ■statutory form. Section 675 with its prima facie evidence and burden of proof rule does not apply at all ”. Thus, while informative, the decision is in no way decisive of the matter at hand.
Subdivision (a) of section 962 of the Tax Law provides that the tax commission is authorized to ‘1 prescribe regulations as to the keeping of records, the content and form of returns and statements ’ ’. The instructions issued by the State Tax Commission in connection with the preparation of New York estate tax returns include the following in reference to the preparation of “ Schedule E — Jointly Owned Property ”»
*1045 “ The full value of the property must be included, unless it can be shown that a part of the property originally belonged to the other tenant or tenants and was never received or acquired by the other tenant or tenants from the decedent for less than a fair consideration in money or money’s worth.
‘ ‘ If the representative of the estate contends that less than the value of the entire property is includable in the gross estate for purposes of the tax, the burden is upon him to show his right to include such lesser value, and in such case he should make proof of the extent, origin, and nature of the decedent’s interest and the interest of the decedent’s cotenant or cotenants. ’ ’ (See 27 ■Carmody-'Wait 2d, New York Practice, § 165:233, pp. 916-919.)
Further, section 954 of article 26 of the Tax Law provides that the New York gross estate and deductions are to be determined in general as they would be under Federal law, with certain modifications which are not applicable in reference to the valuation of jointly owned property. Section 2040 of the 1954 Internal Revenue Code (U. S. Code, tit. 26, § 2040) and section 20.2040-1 of the Regulations (Code of Fed. Reg., tit. 26, § 20.2040-1) provide that the full value of all property held as joint tenants must be included in the decedent’s gross estate in Schedule E in the Federal estate tax return unless it can be shown that the decedent had a nominal rather than a beneficial interest in the joint property or unless the surviving joint tenant can show that all or part of the value of the property should not be included in the taxable estate for certain specified reason. (See 27 Carmody-Wait 2d, New York Practice, § 165:38, pp. 458, 459.)
No proof in support of an exclusion of any part of bank account No. 741-59802-7 has been submitted by the executor or by the surviving joint tenant. Reliance for exclusion of one half of the subject bank account has been placed solely upon the decision of Matter of Ghorney which this court has found is inapplicable.
Pursuant to the provisions of section 249-w of the Tax Law ~(cf. § 962), this court determines that the value of the jointly owned property of the decedent is the sum of $14,598.30, representing $14,537.50 principal, together with accrued interest to the date of death of $60.80. This court further determines that there should be added to the previously reported New York taxable estate of $23,875.50 an additional sum of $7,329.55 representing one half of the principal of the bank account, together with $60.80 interest for a new New York taxable estate *1046 in the amount of $31,205.05. New York gross estate tax computed thereon at 2% is the sum of $624.10. Crediting that sum with the applicable personal and insurance exemption of $400, the New York estate tax is determined and fixed in the amount of $224.10.