OPINION OF THE COURT
Marie M. Lambert, S.
In this reverse discovery proceeding, pursuant to SCPA 2105, the petitioners have sought to compel the preliminary executor to turn over the proceeds of each of two United States book-entry Treasury Bills. It must be noted at the outset that only one half of the proceeds is actually in dispute since the estate claims the Treasury Bills were owned in common, thus admitting that petitioners were entitled to one half of the proceeds. After a hearing and the submission of papers, the facts are clear.
*751 On September 12, 1985 decedent purchased these two Treasury Bills, one in the sum of $60,000 in the name of "David Ebersohn [our decedent] or Ruth Lowenberg” and the other in the sum of $50,000 in the name of "David Ebersohn or Nathan Lowenberg”. Ruth Lowenberg is a niece and distributee of the decedent and Nathan Lowenberg is her husband. The funds used to purchase the bills in issue were derived from other accounts and Treasury Bills which decedent had previously maintained in the same form. Decedent died on December 1, 1985 but the receipts for these two book-entry Treasury Bills were not discovered until decedent’s safe-deposit box was opened on March 12, 1986. Both bills matured on March 13, 1986. On that date, the United States Treasury issued two checks one made payable to "David Ebersohn or Ruth Lowenberg” for $60,000 and the other to "David Ebersohn or Nathan Lowenberg” for $50,000. Both checks were mailed to decedent’s apartment. These checks were thereafter deposited in an interest-bearing account by the executor nominated in decedent’s will on May 19, 1986, although preliminary letters to him did not issue until June 16, 1986. The decedent’s will dated July 16, 1980 was offered for probate on May 20, 1986. Ruth Lowenberg is a one-eighth residuary legatee thereunder and Nathan Lowenberg is not a legatee.
Petitioners contend that, pursuant to the Code of Federal Regulations, they are entitled to the entire proceeds of the Treasury Bills in question (31 CFR 350.13). While that section states that the surviving joint designee is recognized as the person entitled to the book-entry Treasury Bills, it further states: "The provisions of this section are for the convenience of the Treasury and do not purport to determine ownership of the bills or of their redemption proceeds.” (31 CFR 350.13 [i].)
The preliminary executor contends that, as a result, the laws of the State of New York apply and pursuant to EPTL 6-2.2 ownership of the Treasury Bills in question was an in-common ownership since there was no express declaration of joint ownership. Neither side relies upon a relevant case and none has been found by the court. While the preliminary executor seeks to rely upon the case of Matter of Chorney (66 Misc 2d 963), petitioners correctly point out the differences in the facts and applicable statutory provisions. Similarly, the preliminary executor points out the inapplicability of certain other Federal regulations cited by petitioners.
Applying the facts to the statutory regulations herein, it is *752 clear that the Treasury Bills purchased by the decedent were in joint tenancy with right of survivorship. To say that decedent could not have intended joint tenancy because it contradicts the provisions of his 1980 will, as the preliminary executor argues, is to ignore the facts and the passage of time. The evidence demonstrates that petitioners are entitled to the entire proceeds of the Treasury Bills. The decedent expressed his intent that Ruth and Nathan would benefit and receive the proceeds of the Treasury Bills "if anything were to happen to him”. Besides making his intent clear, he further indicated at the time of purchase of the bills in issue that the reason he wanted Ruth and Nathan to have these funds was his love for them, the people closest to him.
With regard to the claim for interest on the funds between March, when the checks were issued, and May, when the checks were deposited in an interest-bearing account, the court notes that even when the funds were actually deposited, the preliminary executor was not appointed and was not authorized to act. In light of all of the facts, including the fact that Ruth is a distributee and that the probate proceeding has not been concluded, partially as a result of this proceeding, the delay in proceeding for preliminary letters does not appear to be unreasonable. Therefore, petitioners are not entitled to interest from the preliminary executor himself.
Accordingly, the application is granted.