In the Matter of the Estate of VIOLA L. THOMAS, Deceased. CAROL SKELLY, as Executrix of VIOLA L. THOMAS, Deceased, Appellant; NANCY J. JARVIS, Respondent.

Third Department, February 28, 1974.

*Brown, Clements & Silver* (*Mahlon T. Clements* of counsel), for appellant.

*John Oliver, III,* for respondent.

KANE, J. This is an appeal from a decree of the Surrogate's Court of St. Lawrence County, entered October 10, 1972, which dismissed the petition of the executrix insofar as it sought to recover the balance of two joint savings accounts.

After the death of her first husband in 1964, decedent executed a will in July, 1965 which equally favored her four surviving daughters and was ultimately admitted to probate. Remarried in January of 1971, Mrs. Viola Thomas continually resided with her new husband until her death on August 25, 1971. Becoming ill that spring, surgery was performed in June and it was later discovered that she suffered from cerebral metastasis, a terminal form of cancer. Her condition steadily deteriorated upon her return home to the extent that a physician who treated her on August 10, 1971 stated that she appeared to hallucinate occasionally. Another doctor testified that she had become incompetent when he examined her at the time of her final hospital admission on August 21, 1971. Almost all of decedent's estate consists of the proceeds of two bank accounts which had been maintained by her individually at the St. Lawrence County Savings Bank and the Ogdensburg Trust Company. On or about August 2, 1971, these accounts were purportedly changed to joint savings accounts with a right of survivorship in favor of Mrs. Nancy Jarvis, decedent's youngest daughter and the respondent herein. The executrix, one of respondent's sisters, challenged these transactions and sought to recover the balances of these accounts for the benefit of the estate. After determining that decedent had been competent and had not acted as the result of fraud or undue influence at the time these transactions occurred, the Surrogate applied the presumption contained in subdivision (b) of section 675 of the Banking Law and dismissed the petition of the executrix as it affected the bank accounts in question.

In relation to the St. Lawrence County Savings Bank, the only document decedent ever saw or executed was an authorization form directing that bank to add respondent's name to her account "in such a manner that either of us shall have full power to draw any or all the money which is now, or may be hereafter standing to the credit of said account." The bank never discussed the matter with Mrs. Thomas. Upon presentation of this form and the original passbook by respondent on

August 2, 1971, the bank had Mrs. Jarvis add her signature to the original account card and retitled the passbook to read "Mrs. Viola Thomas or Mrs. Nancy J. Jarvis (Daughter) Either or Survivor." Respondent then proceeded to the Ogdensburg Trust Compny on the same day and obtained a blank signature card which, in small print on the reverse side, provided that funds deposited in that account would "be owned by them jointly, with right of survivorship". Returning to decedent's home, respondent procured her mother's signature to this card, added her own, and returned it to the bank on the same date. Within the next few days, this bank requested that another form be completed and forwarded it to Mrs. Jarvis. It was an authorization form directing the bank to convert a former account to a joint account "payable to either or the survivor of either" with the quoted passages prominently displayed. Respondent also had her mother execute this document and returned it to the bank which then retitled decedent's passbook "Mrs. Viola Thomas or Mrs. Nancy Jean Jarvis." The Ogdensburg Trust Company likewise never had any direct contact with Mrs. Thomas about this transaction. Apparently, respondent made no withdrawals from either account prior to her mother's demise, nor is it claimed that she ever deposited any of her personal assets in them. The passbooks had been kept in a safe at decedent's home and there was no proof that she examined them when removed at her direction or upon their return thereto following these events.

Respondent's testimony concerning these transactions is replete with comments to the effect that her mother wished to have her name added to these accounts. She also made reference to her mother's supposed desire to execute a new will to divest appellant and another daughter from sharing in her estate, which intention was to be postponed until she felt better. Mrs. Jarvis explained that, at first, her mother had wanted either her name or that of another daughter, Suzanne Ward, added to these accounts but, on cross-examination, elaborated on this subject and stated that decedent had wanted her to "do what is right by Suzanne." By this respondent believed herself free to keep the entire balance of these accounts upon her mother's demise, subject to Mrs. Thomas' wishes, even though her design might have been to effect an equal division of these funds between herself and Suzanne. This somewhat confused account was supported only by Suzanne Ward who related that her mother had expressed dissatisfaction with appellant coupled with her intention to change her will.

We do not disagree with the findings of the Surrogate that decedent had been competent and not the subject of undue influence or fraud when she voluntarily undertook these changes in her banking affairs. The difficulty with this case is whether respondent adduced sufficient proof to permit application of subdivision (b) of section 675 of the Banking Law and its prima facie presumption of an intent to create a joint tenancy to each of these accounts in the first instance and, if so, whether appellant successfully rebutted it.

There was nothing in decedent's written direction to the St. Lawrence County Savings Bank which would authorize it to establish a joint savings account with a right of survivorship in favor of respondent. The unilateral action of the bank in changing the passbook title to a form otherwise acceptable for the purposes of section 675 could not confer on respondent the benefit of the presumption created by that statute and it was error for the Surrogate to apply it (*Matter of Fenelon,* 262 N. Y. 57, revd. on rearg. 262 N. Y. 308; *Matter of Yauch,* 270 App. Div. 348, affd. 296 N. Y. 585). However, the inapplicability of the presumption does not put an end to the matter. The trial court must now resolve the question of whether the respondent's proof was sufficient at common law to establish an intent on decedent's part to create a joint tenancy with survivorship rights. (See *Lombardi* v. *First Nat. Bank of Hancock,* 23 A D 2d 713.) The inapplicability of the presumption merely requires, at this stage, that respondent adduce affirmative proof. Accordingly, the matter should be remitted to the Surrogate for a determination of this issue and the proper disposition of the proceeds of the account, either by making new findings or by taking additional evidence if the present record is inadequate to permit such findings.

However, the documents executed by decedent in relation to the Ogdensburg Trust Company account were more explicit and, on their face, correctly warranted application of the aforementioned presumption after it had been determined that Mrs. Thomas had not been induced to sign them as a result of fraud or undue influence and had done so competently and of her own volition. (Cf. *Matter of Creekmore,* 1 N Y 2d 284.) The remaining issue is whether appellant met her burden of proof to rebut that presumption. Ironically, the only evidence contrary to Mrs. Thomas' written directions which could be considered indicative of an intent to create something other than a joint tenancy in this account was elicited from respondent's testimony when she suggested that her mother might have been

attempting to effect a change of her testamentary plans in favor of herself and Mrs. Ward. Although this is a close question, particularly in light of decedent's rapidly deteriorating condition, a review of the record does not allow factual disagreement with the determination of the trial court.

The decree should be modified, on the law and the facts, by reversing so much thereof as dismissed the petition of the executrix to recover certain funds from the St. Lawrence County Savings Bank, and the proceeding remanded to the Surrogate of St. Lawrence County for appropriate findings as to the disposition of this account and for the taking of additional testimony if necessary, and, as so modified, affirmed, without costs.

COOKE, J. (dissenting in part). I dissent in part and vote to affirm, on the law.

I agree with the conclusion arrived at by the majority in regard to the account in the Ogdensburg Trust Company.

There is a presumption that the joint savings account in the St. Lawrence County Savings Bank, *in the very form in which the account stood,* was held by the parties named as depositors as joint tenants with the right of survivorship, whatever the source of the deposit; and the burden of proof in refutation was on the challenger of such title (Banking Law, § 675; *Poersch* v. *Eldridge,* 36 A D 2d 193, 195; *Mitchiner* v. *Bowery Sav. Bank,* 31 A D 2d 803; *Mittman* v. *Mittman,* 30 A D 2d 867, affd. 24 N Y 2d 826; *Walsh* v. *Walsh,* 29 A D 2d 991).

Among other things, there was proof that decedent told respondent, '' I want your name added to my two bank books * * * I don't know if I will ever get out of the hospital ''; that decedent executed the form from the St. Lawrence County Savings Bank reading: '' You are hereby authorized and directed to add to my account number 33232 in your bank, the name of Nancy Jean Jarvis. And in such manner that either of us shall have full power to draw any or all the money which is now, or may be hereafter standing to the credit of said account ''; and that respondent gave the bank books back to decedent '' after everything was added on to them.'' It cannot be said, as a matter of law, that, on the lengthy record before him, the Surrogate erred in finding that appellant had not fulfilled her burden of proof and that the presumption had not been overcome.

GREENBLOTT, J. P., SWEENEY and MAIN, JJ., concur with KANE, J.; COOKE, J., dissents in part and votes to affirm in a separate opinion.

Decree modified, on the law and the facts, by reversing so much thereof as dismissed the petition of the executrix to recover certain funds from the St. Lawrence County Savings Bank, and the proceeding remanded to the Surrogate of St. Lawrence County for appropriate findings as to the disposition of this account and for the taking of additional testimony if necessary, and, as so modified, affirmed, without costs.