■ In the Matter of the Estate of SOPHIE TIMOSHEVICH, Deceased. LILLIAN WILSON, Individually and as Executrix of SOPHIE TIMOSHEVICH, Deceased, Appellant-Respondent; GEORGE TIMOSHEVICH et al., Respondents-Appellants.—Main, J. Cross appeals from a decree of the Surrogate's Court of Schoharie County (Lamont, S.), entered July 28, 1986, which, *inter alia,* judicially settled decedent's estate.

Decedent died testate on December 22, 1980, survived by six children. Several weeks before her death, she received $12,092.63 as the proceeds from a life insurance policy purchased by a predeceased son. She used this amount to open a six-month term savings account. At the time she opened the account, she was accompanied by one of her daughters, petitioner herein, upon whom decedent frequently relied for transportation, comfort and advice. The account was opened in the names of "Sophie Timoshevich or Lillian Wilson", and both petitioner and decedent signed the signature card. No words denoting survivorship appeared on either the signature card or the savings certificate.

Decedent's will devised all her real property and certain personal property to petitioner, who was named executrix. The remainder of the estate, comprised of bank accounts and other personal property, was bequeathed to the five remaining children. When petitioner rendered her accounting of the estate, she excluded the bank account opened in December

1980. William Timoshevich, one of the five remaining children, filed objections to the accounting contending, *inter alia,* that the December 1980 bank account was part of decedent's estate.\* Following a trial, Surrogate's Court found, *inter alia,* that the bank account should have been included as part of decedent's estate and ordered petitioner to restore to the estate the money contained in the bank account.

We agree with Surrogate's Court that the entire bank account is properly included as part of decedent's estate. Initially, we reject petitioner's contention that Banking Law § 675, which creates a presumption that a decedent intended to create a joint tenancy with a right of survivorship, applies here. It is clear that Banking Law § 675 applies only where specific words of survivorship appear on the signature card signed by a decedent *(see, Matter of Burns,* 126 AD2d 809, 811; *Matter of Camarda,* 63 AD2d 837, 838). No survivorship language appears on the signature card in this case; the word "or" contained in the title of the account is insufficient to bring this case within the range of Banking Law § 675.

This court has noted that even if Banking Law § 675 is held to be inapplicable to a particular bank account, a petitioner may nevertheless establish that, under common law, a decedent intended to create a joint tenancy with survivorship rights *(see, Matter of Thomas,* 43 AD2d 446). In this case, however, petitioner has not established decedent's intent at the time the bank account was opened. At best, the evidence presented simply invites conjecture as to decedent's intent. Such evidence is insufficient to show that decedent intended a joint tenancy.

Finally, we reject petitioner's claim that she is entitled to one half of the bank account in her own right as a tenant in common. There is a statutory presumption that a disposition of personal property to two or more persons creates in them a tenancy in common *(see,* EPTL 6-2.2 [a]; *Matter of Chorney,* 66 Misc 2d 963, 967). However, in this case petitioner stood in a fiduciary relationship to decedent, and it is uncontroverted that decedent's funds, not petitioner's funds, were used to open the bank account. Under these circumstances, it was incumbent upon petitioner to show that decedent's will was not overborne and that she intended to make a gift of the

---

\* We note that although the cross appeal in this matter lists decedent's four sons, including William, as the parties appealing from Surrogate's Court's decree, only William filed objections to petitioner's proposed accounting.

assets in the bank account to petitioner *(see, Matter of Camarda, supra,* at 839). As noted above, petitioner has been unable to make such a showing. Accordingly, Surrogate's Court correctly determined that the entire bank account should be included in decedent's estate.

With respect to William's cross appeal, we are of the opinion that Surrogate's Court properly denied his request that petitioner individually be required to pay his reasonable counsel fees. As a general rule, counsel fees cannot be collected by a prevailing litigant in the absence of an agreement, statute or court rule *(see, Matter of A. G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1, 5). Although the malicious acts of a person causing a party to incur counsel fees has been cited as a ground for awarding counsel fees *(see, United Pickle Co. v Omanoff,* 63 AD2d 892), we can see no bad faith or maliciousness on petitioner's part to justify an award of counsel fees.

Decree affirmed, without costs. Kane, J. P., Main, Mikoll, Levine and Harvey, JJ., concur.