■ In the Matter of the Estate of IDA J. COON, Deceased. ROBERT SUDDUTH, as Administrator of the Estate of IDA J. COON, Deceased, Appellant; HELEN V. PRICE, Respondent.— Levine, J. Appeal from an order of the Surrogate's Court of Saratoga County (Simone, Jr., S.), entered October 27, 1987, which ruled that respondent was the owner of certain insurance proceeds and jointly held bank accounts.

Decedent, Ida J. Coon, died intestate on February 4, 1980 at the age of 76. Respondent, Helen V. Price, received the balances of various bank accounts and a certificate of deposit upon the death of decedent as the surviving joint tenant. Price also received the proceeds of a small insurance policy as the named beneficiary. Petitioner, as administrator of decedent's estate, commenced this proceeding to recover these assets from Price on the ground that decedent lacked testamentary capacity and/or was the victim of undue influence by Price. Petitioner further alleged that the bank accounts and certificate of deposit were opened in both names for convenience only, and that no survivorship rights were intended by decedent.

At the hearing it was established that Price and decedent had known one another for some 20 years, and that they lived in close proximity to each other during this period. After the death of decedent's husband, Price provided transportation and assistance to decedent, who did not drive, such as taking her on errands and picking up groceries for her. Over a two-year period, decedent created the joint bank accounts and certificate of deposit, and also named Price as beneficiary of the insurance policy. It was undisputed that the accounts consisted solely of decedent's money and that she was present at the bank with Price when the accounts were opened.

The testimony of decedent's next-door neighbor, Samuel Palmieri, and others who had periodic contact with decedent, indicated that decedent was lucid and self-sufficient during the two-year period in question. The only contrary evidence consisted of medical records and public health care reports which stated that, following gallbladder surgery, decedent was forgetful and confused at times during her convalescence. As Surrogate's Court noted, however, there was no evidence indicating that such conditions existed at the time the accounts were opened or Price was named beneficiary of the

insurance policy. There was also a lack of proof of any domination of decedent by Price. In addition, the testimony of petitioner and Palmieri indicated that decedent was not close to her family. All her relatives resided in Virginia and she was not in contact with anyone on a regular basis.

Based upon the foregoing evidence, Surrogate's Court ruled that petitioner had failed to prove either undue influence or a lack of testamentary capacity on the part of decedent. As to the bank accounts, Surrogate's Court found that the statutory presumption that decedent intended to confer a right of survivorship was applicable in this case (see, Banking Law § 675 [b]) and that petitioner's evidence was insufficient to rebut this presumption. Petitioner appeals from the dismissal of the petition.

At the outset, we agree with the determination of Surrogate's Court that petitioner failed to prove undue influence, fraud or lack of testamentary capacity. In our view, however, Surrogate's Court erred in concluding that all the bank accounts were in proper form to give rise to the presumption that a right of survivorship was intended. The presumption set forth in Banking Law § 675 (b) "applies only where specific words of survivorship appear on the signature card signed by a decedent" (Matter of Timoshevich, 133 AD2d 1011, 1012; see, Matter of Burns, 126 AD2d 809, 811). Here, the necessary language only appeared on the signature card for the savings account at Schenectady Savings Bank and on the certificate of deposit.

The signature cards for the checking and savings accounts at the State Bank of Albany had only a "J" circled, apparently to designate the account as joint, and a paragraph which stated that all accounts were subject to the bank's rules and regulations and an acknowledgement that a copy of these rules and regulations had been received by the depositor. These rules stated that where an account is opened in two names with both persons signing the signature card, the account is joint with rights of survivorship. However, there is no evidence that decedent read these provisions prior to opening the account or that she was specifically informed by the bank officer that a joint tenancy with survivorship rights was being created. Even assuming that decedent received a copy of the rules and regulations booklet and read the provisions applicable to joint accounts prior to opening the accounts, we would find this to be insufficient to give rise to the statutory presumption based upon the fact that no survivor-

ship language appeared on the signature cards *(see, Matter of Timoshevich, supra; Matter of Burns, supra).*

In the absence of the presumption, the burden of proof should have been on Price to establish that decedent intended to create a joint tenancy with survivorship rights *(see, Matter of Thomas,* 43 AD2d 446, 449). Hence, the determination of Surrogate's Court in Price's favor based upon the erroneous application of the statutory presumption cannot stand, and the matter must now be remitted to Surrogate's Court for a new hearing on the issue of decedent's intent in creating the State Bank of Albany savings and checking accounts *(see, supra).*

Order modified, on the law, without costs, by reversing so much thereof as dismissed petitioner's claim for relief as to decedent's savings and checking accounts at the State Bank of Albany; matter remitted to the Surrogate's Court of Saratoga County for a new hearing as to such accounts in accordance with this court's decision; and, as so modified, affirmed. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.