■ In the Matter of ROSE DECK, Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents.— Casey, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the State Commissioner of Social Services which denied petitioner's application for medical assistance.

Petitioner's application for medical assistance was denied on the ground that certain funds transferred by petitioner during the two-year period prior to her application were available resources (see, Social Services Law § 366 [5]; 18 NYCRR 360.8). The record reveals that a savings account was opened in August 1983 in the name of "Rose M. Deck or Carolyn D. Grabowski P/A". Rose M. Deck is the petitioner herein and Carolyn D. Grabowski is her daughter, who had a duly executed power of attorney. In February 1985 the account was closed out, with the proceeds placed in a new account opened in the name of "Rose M. Deck or Carolyn D. Grabowski". This account was closed out in January 1986 and the proceeds were transferred to two mutual funds and another savings account. The mutual funds were in the name of "Rose M. Deck", while the savings account was in the name of "Rose M. Deck or Carolyn D. Grabowski P/A". In mid-August and early September 1986, the mutual funds were liquidated and placed in an account in the name of "Carolyn D. Grabowski". Petitioner applied for medical assistance on September 25, 1986.

Petitioner contends that the original savings account established in August 1983 was a joint account between petitioner and her daughter and that, therefore, her daughter was the owner of one half of the proceeds of that account. In support of this contention, petitioner points to Banking Law § 675

which creates a presumption of joint tenancy. In *Matter of Timoshevich* (133 AD2d 1011, 1012), we recently explained: "It is clear that Banking Law § 675 applies only where specific words of survivorship appear on the signature card signed by a decedent * * *. No survivorship language appears on the signature card in this case; the word 'or' contained in the title of the account is insufficient to bring this case within the range of Banking Law § 675". Here, too, no survivorship language appears on the signature card signed by petitioner and, therefore, Banking Law § 675 is inapplicable *(supra)*.

We also explained in *Matter of Timoshevich (supra,* at 1012), that "even if Banking Law § 675 is held to be inapplicable to a particular bank account, a petitioner may nevertheless establish that, under common law, a decedent intended to create a joint tenancy with survivorship rights". On the issue of intent, *petitioner submitted a statement signed by her in November 1986,* stating that she intended to create a joint account and a one-half interest for her daughter as early as 1981 and that all subsequent accounts were intended to remain joint. At the hearing, however, petitioner's testimony regarding her intent was confused and inconsistent, and when questioned about her signed statement, which was prepared by her attorney, she did not recollect signing it and showed little comprehension of the statement's contents. The State Commissioner of Social Services found that until shortly before petitioner applied for medical assistance, the daughter's actions in dealing with the accounts were those of petitioner's attorney-in-fact, not a joint tenant, and there is substantial evidence in the record to support this finding. It is also significant that when the proceeds of the account were ultimately transferred to the mutual funds, the funds were in petitioner's name alone, indicating that petitioner was in fact the sole owner.

The burden of proof for establishing eligibility for medical assistance is on the applicant *(Matter of Hoelzer v Blum,* 93 AD2d 605, 609) and the record supports the Commissioner's determination that petitioner had failed to meet this burden. The determination must, therefore, be confirmed.

Determination confirmed, and petition dismissed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.