■ In the Matter of the Estate of RICHARD R. RANDALL, Deceased.—Order unanimously reversed on the law without costs and matter remitted to Allegany County Surrogate's Court for further proceedings, in accordance with the following Memorandum: The Surrogate erred in concluding that the statutory presumption favoring a joint tenancy *(see,* Banking Law § 675) applied to the subject certificate of deposit account. The signature card and deposit receipt for the account indicate that the account was in the name of "RICHARD RANDALL OR MERLE DIBBLE". Neither account document contains words of survivorship, and the fact that a printed box on the signature card was checked to indicate that the account was a "JOINT ACCOUNT", as opposed to an "INDIVIDUAL ACCOUNT", was insufficient to satisfy the statute *(see, Matter of Coon,* 148 AD2d 906, 907). Under the circumstances, the account was not established in a manner required by Banking Law § 675, and the presumption provided in that section does not apply *(Matter of Deck v New York State Dept. of Social Servs.,* 151 AD2d 807; *Matter of Seidel,* 134 AD2d 879; *Matter of Timoshevich,* 133 AD2d 1011).

In our view, the court should have applied the statutory presumption of EPTL 6-2.2. Subdivision (a) of that section provides for a rebuttable presumption that "[a] disposition of property to two or more persons creates in them a tenancy in common, unless expressly declared to be a joint tenancy" *(see, Matter of Timoshevich, supra,* at 1012; *Matter of Chorney,* 66 Misc 2d 963, 967). Because the Surrogate applied the wrong presumption and erroneously imposed the burden upon Randall's Estate of proving that a joint tenancy was not intended, the matter should be remitted for a new hearing on the issue of decedent's intent in creating the certificate of deposit account *(see, Matter of Coon, supra).* (Appeal from Order of

Allegany County Surrogate's Court, Sprague, S.—Joint Tenancy.) Present—Callahan, A. P. J., Denman, Green, Balio and Davis, JJ.