In the Matter of the Estate of INA V. HARRISON, Deceased. MASON C. HARRISON, as Coexecutor of INA V. HARRISON, Deceased, Respondent; WARNER B. HARRISON, Appellant, et al., Respondents.

Third Department, November 25, 1992

### APPEARANCES OF COUNSEL

*Catalfimo & Bulger,* Greenwich *(Michael J. Catalfimo* of counsel), for appellant.

*Holbrook & Johnston,* Hoosick Falls *(William C. Johnston* of counsel), for Mason C. Harrison, respondent.

### OPINION OF THE COURT

MAHONEY, J.

In this appeal respondent Warner B. Harrison (hereinafter respondent), a beneficiary under the last will and testament of Ina V. Harrison (hereinafter decedent), challenges the construction by Surrogate's Court of paragraph "fourth" of said will as establishing that four bank accounts existing at decedent's death, which accounts were titled in the names of decedent and one or both of her two daughters, were intended to be joint tenancies with rights of survivorship and thus are not part of decedent's probate estate. The record reveals that decedent died in 1989 survived by, among others, five children: respondent, Shirley Moses, Ann Gilfeather, Mason C. Harrison and Ronald Harrison. Pursuant to the terms of her will, decedent made distributions of $5,000 to each of her sons. Provision for distribution to the two daughters was set forth in paragraph fourth which reads as follows: "At the date of my death I expect I will be the owner of one or more savings accounts which will have been established by me with my own funds and for my own convenience in the joint names of myself and my daughters SHIRLEY M. MOSES and ANN J. GILFEATHER the credits to which one or more accounts at that date of my death will pass to my said daughters as surviving joint tenants if they shall survive me. Wishing to leave to my daughter SHIRLEY M. MOSES the sum of $5,000.00 and to my daughter ANN J. GILFEATHER the sum of $5,000.00, I do hereby give and bequeath to my daughter SHIRLEY M. MOSES the sum of $5,000.00 less the amount which will pass to her and which she will receive as a surviving joint tenant of one or more of said joint savings accounts, and I do hereby give and bequeath to my daughter ANN J. GILFEATHER the sum of $5,000.00 less the amount

which will pass to her and which she will receive as a surviving joint tenant of one or more of said joint savings accounts; and should the amount at the date of my death credited and upon deposit to said one or more joint savings accounts be of such amount or amounts that there will pass to and my said daughters shall each receive more than $5,000.00 I request each of my said daughters to pay any such excess over $5,000.00 received by each to my Executors hereinafter named to become a part of my residuary estate." Shirley Moses and Mason Harrison were named coexecutors of the will.

Following admission of the will to probate, the coexecutors filed their final accounting. As reflected in schedule J thereof, they excluded from the probate estate the four bank accounts noting that each was a joint bank account with right of survivorship and the proceeds thereof ($72,157.90) "were delivered to the [surviving] joint tenants, who chose not to pay excess over $5,000.00 to the [e]xecutors". Respondent filed objections to the accounting, claiming that paragraph fourth of the will operated to rebut the presumption that decedent intended the accounts to be joint tenancies and clearly established the subject accounts to be mere accounts of convenience with the result that the proceeds were subject to distribution under the will's residuary clause, and sought a construction of the will to that effect.

While unclear why, Surrogate's Court declined to construe the will in the context of the pending accounting proceeding and evidently advised the parties to commence a separate construction proceeding, prompting coexecutor Mason Harrison to commence the instant proceeding in accordance with the request. Following interposition of an answer and the filing of memoranda of law, the matter was submitted for determination. As previously noted, Surrogate's Court found the accounts to be joint accounts and thus excluded from the probate estate. Respondent then moved to reargue. In opposition to that motion, Harrison submitted copies of signature cards for two of the four accounts clearly establishing that they were created in accord with the requirements of Banking Law § 675 (a), an affidavit from a representative of the third bank that the signature card had been destroyed upon closing of the account but that it was a joint account, and a letter from a representative of the fourth bank to the same effect.

Respondent appeals. During pendency of the appeal, Surrogate's Court denied respondent's reargument application.[1]

The legal principles underlying the issue raised here are clear and easily stated. A statutory presumption exists in this State that a disposition of personal property (including moneys in bank accounts) to two or more persons creates in them a tenancy in common (EPTL 6-2.2 [a]). To rebut this presumption, the proponent bears the burden of proving that it was the decedent's intent at the time the joint bank account was created to establish a joint tenancy with survivorship rights *(see, e.g., Matter of Timoshevich,* 133 AD2d 1011, 1012). An exception to these general rules exists, however, in situations where the joint bank account was created pursuant to the statutory form set forth in Banking Law § 675 (a), that is, where specific words of survivorship appear on the signature card signed by the decedent *(see, e.g., Matter of Coon,* 148 AD2d 906, 907). By operation of that statute, to the extent that it can be established that the account was created in accord with the statutory form, a presumption arises that it is a joint tenancy (Banking Law § 675 [b]). In these instances, the party seeking to disprove the joint tenancy bears the burden of proving that it was intended to be an account of convenience or a tenancy in common *(see, e.g., Brezinski v Brezinski,* 94 AD2d 969).

Applying the foregoing principles to this case, inasmuch as no extrinsic evidence was submitted or considered upon the initial application, which evidence would be necessary to determine whether the accounts qualified for the Banking Law § 675 (b) joint tenancy presumption, in order for the determination by Surrogate's Court to be sustained, paragraph fourth must sufficiently establish it was decedent's intent, at the time the accounts were created, that each account be a joint tenancy with survivorship rights. We do not think it does. Apart from the fact that paragraph fourth contains conflicting language of convenience and survivorship which invites conjecture into decedent's intent, this language was written four to eight years *after* decedent added her daughters' names to three of the accounts at issue and approxi-

---

1. We note at this juncture that while Surrogate's Court clearly has the authority under SCPA 1420 (2) to construe this will in the context of the accounting procedure and, because a request for construction was raised in the objections filed in response to the accounting, should have exercised its authority to do so in this instance, any error in this regard occasioned only procedural prolixity and was harmless.

mately 11 months *before* she created the fourth account. As such, the will language standing alone cannot be said to be dispositive of decedent's intent *at the relevant time,* that is, at the time the daughters' names were added to certain of the accounts or at the time the fourth account was created. Accordingly, the order of Surrogate's Court must be reversed and the matter remitted for further proceedings, including the admission of extrinsic evidence and the conducting of a hearing, if necessary, to determine the nature of these accounts.[2]

We have reviewed respondent's remaining contention and find it to be without merit. Further, EPTL 3-3.5 (b) (3) (E) makes clear that the commencement of or participation in a will construction proceeding does not work a violation of an *in terrorem* clause contained in a will.

MIKOLL, J. P., LEVINE, CASEY and HARVEY, JJ., concur.

Ordered that the order is reversed, on the law, without costs, and matter remitted to the Surrogate's Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.

---

2. While as noted earlier the record contains copies of the signature cards for two of the four accounts, establishing that they apparently were created in accord with the statutory form so as to be entitled to the Banking Law § 675 (b) presumption, because respondent had no opportunity to respond to this extrinsic evidence and it raises numerous other issues on which Surrogate's Court did not pass, namely, whether the language of paragraph fourth is sufficient to rebut the presumption of a joint tenancy, rather than make a determination of the status of these two accounts on appeal, we believe that the entire matter is more properly remitted for determination.