■ TRESSA VELLOZZI, Individually and as Guardian of JOSEPH VELLOZZI, Appellant, v PAUL J. BRADY, as Commissioner of Schoharie County Department of Social Services, Respondent. [698 NYS2d 361] —Crew III, J. P. Appeals (1) from a judgment of the Supreme Court (Hughes, J.), entered November 23, 1998 in Schoharie County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as moot, and (2) from an order of said court, entered February 2, 1999 in Schoharie County, which denied petitioner's motion for reconsideration.

Upon learning that respondent intended to initiate a Mental Hygiene Law article 81 proceeding to appoint a guardian for her father, petitioner commenced a separate proceeding to have herself appointed as the guardian of her father's person and property. While such proceeding was pending, respondent closed its case file with respect to petitioner's father. Petitioner's application for guardianship subsequently was granted and, pursuant to a previously executed general power of attorney, petitioner requested a complete copy of her father's social services file. Respondent denied the request based upon confidentiality concerns, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to compel production of the file. Finding that the father's death during the pendency of the proceeding rendered the matter moot, Supreme Court dismissed the petition. Petitioner's subsequent motion for reconsideration was denied and these appeals ensued.

We affirm. Petitioner's general power of attorney and appointment as guardian were extinguished by operation of law upon her father's death (*see generally, Knoer v Pace*, 125 AD2d 1006; *Etterle v Excelsior Ins. Co.*, 74 AD2d 436, 441). As the record considered by Supreme Court revealed no other basis upon which petitioner could assert standing to compel production of her father's file (*see*, Social Services Law § 473-e [1] [b]), this proceeding was properly dismissed as moot. Moreover, were we to reach the merits, we would find no basis upon which to disturb respondent's determination.

Equally unpersuasive is petitioner's contention that Supreme Court erred in denying her motion for reconsideration. Our review of petitioner's motion reveals that it either was one for reargument, the denial of which is not appealable (*see, Almond v Town of Massena*, 237 AD2d 94, 95), or one for renewal which, the record reveals, was not supported by newly discovered evidence that was unavailable at the time the original motion was made (*see, Spa Realty Assocs. v Springs Assocs.*, 213 AD2d 781, 783).

Spain, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment and order are affirmed, without costs.