OPINION OF THE COURT
Anthony A. Scarpino, Jr., S.
This is a contested discovery proceeding in which respondent Frances K. Pliska (Pliska) moves to renew or reargue that portion of the order of this court dated January 7, 2002, which denied her cross motion for summary judgment under Banking Law § 675. The motion is opposed by the executrixes of the estate of Nathan S. Ancell. The motion to reargue is denied, and the motion to renew is granted. Upon renewal, the court adheres to its original determination.
*253 A motion to renew must be based on new facts or a demonstrated change in the law (see, CPLR 2221 [e] [2]). On the other hand, a motion to reargue is based on existing facts or law which may have been overlooked or misapprehended by the court (see, CPLR 2221 [d] [2]).
In the instant case, Pliska contends that this court overlooked the holding in Sutton v Bank of N.Y. (250 AD2d 447) and was “silent on the key argument made on behalf of Pliska” which was based on the holding in Sutton.
Pliska further contends that the Appellate Division, First Department’s decision in Sutton “changed the law” and, for the first time, permitted the Banking Law § 675 presumption to be applied “even in the absence of survivorship language on the signature card itself.”
At the outset, the court notes that Pliska has failed to separately state and support each branch of her motion (see, CPLR 2221 [f]). In addition, the court is not required to discuss, in its decision, every argument or case made or cited by Pliska. A court need only give its determination or direction “in such detail as the judge deems proper” (see, CPLR 2219 [a]). However, since other important issues are raised by the motion, the court shall decide each part of the motion as if separately made.
Reargument
The court did not fail to consider or misapprehend the Appellate Division, First Department’s decision in Sutton. In fact, that case was carefully considered but, ultimately, the court chose to rely on other more established precedent in support of its determination. Therefore, the motion to reargue is denied.
Renewal
The court finds that the “new facts” (consisting of the factual findings made by the trial court in Sutton) are not the type of additional facts which would justify a grant of renewal. However, renewal may properly be based upon a demonstrated change in the law, and this portion of Pliska’s motion is deserving of additional discussion.
In the January 7, 2001 decision, this court held that, “[t]he omission of words of survivorship on the signature card * * * precludes the application of the presumption under Banking Law § 675 * * * ” and “there are issues of fact and credibility * * * as to whether, at common law, a joint tenancy in the account was created” (citations omitted).
*254 It is conceded that the trial court decision in Sutton also held that the Banking Law presumption only applies where specific words of survivorship appear on the signature card. It is also conceded that the Appellate Division, First Department, unanimously affirmed the trial court’s determination in Sutton. However, it is Pliska’s contention that the Appellate Division, First Department, applied the Banking Law § 675 presumption, even without survivorship language on the signature card.
If Pliska is correct, then Sutton has effectively overturned numerous other cases in the First Department (see, e.g., Matter of Klecar, 207 AD2d 732; Matter of Eppstein, NYLJ, Apr. 3, 1997, at 30, col 4; Matter of Hamburg, 151 Misc 2d 1034) and stands in stark contrast to the rule adopted in the Third Department (see, Matter of Burns, 126 AD2d 809; Matter of Coon, 148 AD2d 906; Matter of Timoshevich, 133 AD2d 1011) and Fourth Department (see, Matter of Camarda, 63 AD2d 837; Matter of Randall, 176 AD2d 1219), as well as by the Court of Appeals in the seminal case of Matter of Fenelon (262 NY 308).
This court is not convinced that the First Department intended to change existing decisional law. Instead, this court prefers to read Sutton as being consistent with existing law. In any event, to the extent Sutton may be viewed as a departure from the existing rule, this court elects to follow the rule as outlined by the Third and Fourth Departments.
Thus, absent survivorship language on the signature card, the Banking Law presumption does not apply (see, Matter of Timoshevich, 133 AD2d 1011; Matter of Camarda, 63 AD2d 837). This is so even where, as here, the decedent may have received the bank’s rules and regulations applicable to joint accounts (see, Matter of Coon, 148 AD2d 906). In such cases, the party asserting the title of the survivor has the burden of proving that the decedent intended to create a joint tenancy (see, Matter of Thomas, 43 AD2d 446). Once a prima facie showing is made, the burden shifts to the party challenging the title of the survivor who may prevail only by presenting clear and convincing evidence of fraud, undue influence, lack of capacity, or other evidence sufficient to support an inference that the account was created for convenience only (see, Matter of Sabatino, 66 AD2d 937; Matter of Coddington, 56 AD2d 697).
The court also reaffirms that portion of its earlier decision which denied Pliska’s motion for summary judgment and the executrix’s cross motion for summary judgment.
*255 In accordance with the foregoing, the motion to reargue is denied, and the motion to renew is granted.