■ In the Matter of the Estate of MARY F. DEGNAN, Deceased. MAUREEN B. DEGNAN, Respondent; MARCIA E. HALLORAN et al., Appellants. [865 NYS2d 410]—

Appeal from an order of the Surrogate's Court, Niagara County (Peter L. Broderick, Sr., S.), entered February 1, 2007. The order, insofar as appealed from, determined that the bank account at issue was established in accordance with Banking Law § 675, thereby creating a joint tenancy with right of survivorship, and that the two investment accounts at issue were held by decedent and petitioner as tenants in common.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs and the matter is remitted to Surrogate's Court, Niagara County, for further proceedings in accordance with the following memorandum: Petitioner and respondents are decedent's children, and petitioner is the executrix of decedent's estate. We agree with respondents, who filed objections to the interim accounting submitted by petitioner, that Surrogate's Court erred in determining that the presumption favoring joint tenancy pursuant to Banking Law § 675 applied to the bank account at issue, rendering it a joint tenancy with a right of survivorship, and that the two investment accounts at issue were held by decedent and petitioner as tenants in common. Rather, those accounts are assets of decedent's estate that must be divided equally among decedent's four children. Although the bank account is designated as "joint," the account documents do not contain the necessary survivorship language, and thus the statutory presumption of a right of survivorship does not apply (*see Matter of Randall*, 176 AD2d 1219 [1991]; *Matter of Coon*, 148 AD2d 906, 907-908 [1989]; *Matter of Timoshevich*, 133 AD2d 1011, 1012 [1987]). Any reference in the account documents to other materials that might discuss a right of survivorship is "insufficient to give rise to the statutory presumption based upon the fact that no survivorship language appeared on the signature card[ ]" (*Coon*, 148 AD2d at 907-908). Because petitioner "could not invoke the statutory presumption, [she] had the burden of establishing that the [bank account was a] joint tenanc[y] or a gift entitling [her] to rights as the survivor" (*Matter of Seidel*, 134 AD2d 879, 880 [1987]). In addition, she had the burden of establishing that the two investment accounts were joint tenancies or gifts entitling her to rights as the survivor (*see id.*). Petitioner failed to meet that burden, particularly in view of the fact that decedent's will left the estate to the four children, equally. Thus, the intent of decedent, as evidenced by her will,

is inconsistent with petitioner's contention that the bank account and the two investment accounts were joint tenancies with survivorship rights or gifts (*see Seidel*, 134 AD2d 880 [1987]). Therefore, the funds from the bank account and the two investment accounts at issue are deemed to be assets of the estate and are subject to distribution in accordance with decedent's will. We therefore reverse the order insofar as appealed from and remit the matter to Surrogate's Court for further proceedings consistent with this decision. Present—Scudder, P.J., Hurlbutt, Smith, Green and Gorski, JJ.