# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**426**

**CA 14-01661**

PRESENT: SMITH, J.P., VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

BRENDA C. HARRINGTON, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MARY A. BRUNSON, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

FORSYTH, HOWE, O'DWYER, KALB & MURPHY, P.C., ROCHESTER (SANFORD R. SHAPIRO OF COUNSEL), FOR DEFENDANT-APPELLANT.

MORGENSTERN DEVOESICK, PLLC, PITTSFORD (ROBERT D. SCHULTZ OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered January 29, 2014. The judgment granted in part the motion of plaintiff for summary judgment and awarded plaintiff money damages.

It is hereby ORDERED that the judgment so appealed from is modified on the law by denying plaintiff's motion except to the extent that it sought summary judgment on her claim in the amount of $3,000 transferred from Account No. 8665 following decedent's death, and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover funds that were transferred by defendant from two joint bank accounts (joint accounts) opened by plaintiff and her aunt, Hazel C. Smith (decedent), in 2006. In 2009 decedent executed a power of attorney naming defendant, decedent's sister, as her agent, and granting defendant powers including, inter alia, "banking transactions." Defendant thereafter added her name to the joint accounts, i.e., Account Numbers 8665 and 8601, and in 2012 defendant opened a new joint account (new account) in the names of decedent and defendant as decedent's power of attorney. Defendant then transferred funds from the joint accounts into the new account.

Plaintiff moved for summary judgment awarding her judgment in the amount of the funds transferred by defendant from the joint accounts, and Supreme Court granted the motion in part. At the outset, we reject defendant's contention that the court should have denied the motion in its entirety because the notice of motion failed to specify a return date (*see* CPLR 2214 [a]). Defendant failed even to allege that she was prejudiced by the omission of the return date on the notice of motion, and thus the court properly disregarded the omission

(*see Brummer v Barnes Firm, P.C.*, 56 AD3d 1177, 1178-1179).  The court also properly disregarded plaintiff's failure to file a consent to substitution of counsel form pursuant to CPLR 321 (b) before her current attorney filed the summary judgment motion (*see Bevilacqua v Bloomberg, L.P.*, 70 AD3d 411, 412).  In addition, inasmuch as plaintiff established good cause for her delay in making the motion two days after the period specified in CPLR 3211 (a) expired, the court properly entertained the motion (*see Cooper v Hodge*, 13 AD3d 1111, 1112; *see generally Brill v City of New York*, 2 NY3d 648, 652).

On the merits, we conclude that the court properly granted plaintiff's motion to the extent that it sought recovery of funds transferred after decedent's death by defendant.  Defendant's power of attorney terminated by operation of law upon decedent's death (*see* General Obligations Law § 5-1511 [1] [a]; *Vellozzi v Brady*, 267 AD2d 695, 695).  Plaintiff submitted undisputed evidence that, after decedent's death, defendant transferred $3,000 from Account No. 8665, and thereby established that she is entitled to recover that amount.

The court erred, however, in granting plaintiff's motion to the extent that it sought half of the funds transferred from the joint accounts by defendant prior to decedent's death.  Contrary to the court's determination, we conclude that the statutory presumption of joint tenancy set forth in Banking Law § 675 does not apply to the joint account inasmuch as "the account documents do not contain the necessary survivorship language" (*Matter of Degnan*, 55 AD3d 1238, 1239; *see Matter of Randall*, 176 AD2d 1219, 1219).

We note in any event that the statutory presumption may be rebutted "by providing direct proof that no joint tenancy was intended or substantial circumstantial proof that the joint account[s] had been opened for convenience only" (*Wacikowski v Wacikowski*, 93 AD2d 885, 885, *lv denied* 60 NY2d 553).  Even assuming, arguendo, that the statutory presumption of joint tenancy applies to the joint accounts, we conclude that defendant submitted evidence tending to rebut the statutory presumption that is sufficient to raise a triable issue of fact whether, "at the time the accounts were created, the accounts were opened as a matter of convenience" (*Matter of Harley*, 186 AD2d 1020, 1020; *see Matter of Yaros*, 90 AD3d 1063, 1064).  In particular, defendant submitted evidence establishing, inter alia, that decedent was the sole depositor of the joint accounts, and that plaintiff never withdrew funds from the joint accounts during decedent's lifetime (*see Matter of Corcoran*, 63 AD3d 93, 97).  In addition, defendant submitted evidence establishing that decedent's creation of a joint tenancy with the right of survivorship in the joint accounts "would represent a substantial deviation from [her] previously expressed testamentary plan" (*Yaros*, 90 AD3d at 1064).

We therefore modify the judgment by denying plaintiff's motion except to the extent that it sought recovery of $3,000 from Account No. 8665 transferred after decedent's death.

All concur except DEJOSEPH, J., who dissents and votes to affirm in the following memorandum:  I respectfully dissent.  In my view,

Supreme Court properly granted plaintiff's motion for summary judgment.  Therefore, I would affirm.

Specifically, I disagree with the majority on the issue whether the presumption under Banking Law § 675 applies.  The majority, quoting *Matter of Degnan* (55 AD3d 1238, 1239), concludes that the statutory presumption does not apply to the joint accounts in this case inasmuch as " 'the account documents do not contain the necessary survivorship language.' "  It was conceded by defendant, however, that there is language on the upper left corner of both signature cards that reads:  "Accounts with multiple owners are joint, payable to either owner or the survivor."  In my view, that language constitutes the "necessary survivorship language" referenced in *Degnan* and the presumption therefore applies (*see* § 675 [b]).  Unlike in the cases relied on by the majority, the language on the signature cards in this case does not merely state that the accounts were "joint" (*cf. Degnan*, 55 AD3d at 1239; *Matter of Randall*, 176 AD2d 1219, 1219).

I further disagree with the majority that defendant submitted evidence tending to rebut the statutory presumption that is sufficient to raise a triable issue of fact.  Rather, I agree with the court that defendant merely relied on her own conclusory assertions that the accounts were convenience accounts (*see Matter of Signature Bank v HSBC Bank USA, N.A.*, 67 AD3d 917, 918-919; *Matter of Stalter*, 270 AD2d 594, 596-597, *lv denied* 95 NY2d 760).

Entered:  June 19, 2015                              Frances E. Cafarell
                                                     Clerk of the Court