DeJoseph, J.
(dissenting). I respectfully dissent. In my view, Supreme Court properly granted plaintiff’s motion for summary judgment. Therefore, I would affirm.
Specifically, I disagree with the majority on the issue whether the presumption under Banking Law § 675 applies. The majority, quoting Matter of Degnan (55 AD3d 1238, 1239 [2008]), concludes that the statutory presumption does not apply to the joint accounts in this case inasmuch as “ ‘the account documents do not contain the necessary survivorship language.’ ” It was conceded by defendant, however, that there is language on the upper left corner of both signature cards that reads: “Accounts with multiple owners are joint, payable to either owner or the survivor.” In my view, that language constitutes the “necessary survivorship language” referenced in Degnan and the presumption therefore applies (see § 675 [b]). Unlike in the cases relied on by the majority, the language on the signature cards in this case does not merely state that the accounts were “joint” (cf. Degnan, 55 AD3d at 1239; Matter of Randall, 176 AD2d 1219, 1219 [1991]).
I further disagree with the majority that defendant submitted evidence tending to rebut the statutory presumption that is sufficient to raise a triable issue of fact. Rather, I agree with the court that defendant merely relied on her own conclusory assertions that the accounts were convenience accounts (see Matter of Signature Bank v HSBC Bank USA, N.A., 67 AD3d 917, 918-919 [2009]; Matter of Stalter, 270 AD2d 594, 596-597 [2000], lv denied 95 NY2d 760 [2000]).
Present — Smith, J.P., Valentino, Whalen and DeJoseph, JJ.