HSBC Bank USA, N.A. v Caesar (2021 NY Slip Op 06992)





HSBC Bank USA, N.A. v Caesar


2021 NY Slip Op 06992


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2018-04326
 (Index No. 70104/15)

[*1]HSBC Bank USA, N.A., etc., respondent,
v
Francis M. Caesar, et al., appellants, et al., defendants.


Francis M. Caesar, Chappaqua, NY, appellant pro se and for appellant Lisa Caesar.
McCabe, Weisberg & Conway, LLC, New Rochelle, NY (Melissa A. Sposato of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Francis M. Caesar and Lisa Caesar appeal from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated March 12, 2018. The order, insofar as appealed from, denied that branch of the motion of the defendants Francis M. Caesar and Lisa Caesar which was to vacate all proceedings that occurred after the filing of a substitution of counsel on December 3, 2015.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This action was commenced by U.S. Bank National Association as Trustee of the J.P. Morgan Alternative Loan Trust 2007-A2 to foreclose a mortgage. A consent to change attorney form filed on December 3, 2015, stated that Ballard Spahr LLP (hereinafter the Ballard firm) was substituted as attorneys of record for the plaintiff in this action in place of Shapiro, DiCaro & Barak, LLC, effective as of that date. By notice of motion dated January 29, 2018, the defendants Francis M. Caesar and Lisa Caesar (hereinafter together the Caesars) moved, inter alia, to vacate all proceedings that occurred after the filing of the substitution of counsel on December 3, 2015. The Caesars alleged that this relief was warranted because the consent to change attorney form was defective. In the order appealed from, the Supreme Court, among other things, denied that branch of the Caesars' motion. The Caesars appeal. We affirm the order insofar as appealed from.
The record demonstrates that the consent to change attorney form was filed (see CPLR 321[b]), and Francis M. Caesar was present at the conference where the change of attorney was discussed. Thereafter, the Ballard firm communicated with the Caesars (see Deacon's Bench, Inc. v Hoffman, 88 AD2d 734). The Caesars failed to demonstrate that they suffered any prejudice as a result of the alleged defects in the consent to change attorney form, or otherwise establish grounds to vacate the proceedings that occurred after the consent to change attorney form was filed (see Harrington v Brunson, 129 AD3d 1581, 1581-1582; Bevilacqua v Bloomberg, L.P., 70 AD3d 411, 412; EIFS, Inc. v Morie Co., 298 AD2d 548, 550; Tillman v Mason, 193 AD2d 666, 667; Juers v Barry, 114 AD2d 1009, 1010).
The Caesars' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied that branch of the Caesars' motion which was to vacate all proceedings that occurred after the filing of a substitution of counsel on December 3, 2015.
RIVERA, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court