Veraso Med. Supply Corp. v Tri State Consumers Ins. Co. (2022 NY Slip Op
50288(U))

[*1]

Veraso Med. Supply Corp. v Tri State Consumers Ins. Co.

2022 NY Slip Op 50288(U) [74 Misc 3d 135(A)]

Decided on March 18, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 18, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2020-113 K C

Veraso Medical Supply Corp., as Assignee
of Ahondo Adzogan, Appellant,
against
Tri State Consumers Ins. Co., Respondent.

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum of counsel), for respondent (no brief
filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S.
Garson, J.), entered October 4, 2019. The order, insofar as appealed from, denied plaintiff's
motion for summary judgment.

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In November of 2015, plaintiff commenced this action by filing a summons and complaint
seeking to recover assigned first-party no-fault benefits for medical services it had provided to
defendant's insured as a result of a car accident that occurred on December 21, 2013. Defendant
denied the allegations in its answer dated December 24, 2015, and asserted affirmative defenses.
By an undated notice of motion, plaintiff moved for summary judgment and, in support thereof,
plaintiff submitted its counsel's undated affirmation. Defendant cross-moved to dismiss the
complaint, relying, in part, on an unsigned and undated affidavit.
By order entered October 4, 2019, the Civil Court denied plaintiff's motion and defendant's
cross motion. The court stated that "Defendant's [cross] motion is denied for defective
notice/papers. Plaintiff's motion is denied for defective papers." Plaintiff appeals from so much
of the order as denied its motion.
While a court may disregard procedural irregularities (see CPLR 2001), we find that
the Civil Court did not improvidently exercise its discretion in denying plaintiff's motion "for
[*2]defective papers," particularly when the court also denied
defendant's cross motion for the same reason.
Accordingly, the order, insofar as appealed from, is affirmed.
WESTON, J.P., and TOUSSAINT, J., concur.
GOLIA, J., dissents and votes to reverse the order, insofar as appealed from, and remit the
matter to the Civil Court for a new determination of plaintiff's motion for summary judgment in
the following memorandum:
CPLR 2001 provides, in relevant part, that, "if a substantial right of a party is not prejudiced,
[a] mistake, omission, defect or irregularity shall be disregarded" (see Grskovic v
Holmes, 111 AD3d 234, 242-243 [2013]; see also Harrington v Brunson, 129 AD3d
1581 [2015]; Henry v Gutenplan, 197 AD2d 608 [1993]). The Civil Court failed to
identify the defect in plaintiff's motion papers or any substantial right of a party that was
prejudiced thereby. The majority points out that the notice of motion was undated as was the
supporting affirmation. I note, however, that there was a return date on the notice of motion, and
even the omission of a return date is not necessarily prejudicial and has been held to have been
properly disregarded (see Harrington v Brunson, 129 AD3d at 1581). In any event, under
the circumstances presented, the matter should be remitted to the Civil Court for identification of
the defect and a determination of whether any substantial right was prejudiced thereby. In the
event that it is established that a substantial right of a party is not prejudiced, the defect shall be
disregarded and the court should decide the motion on its merits.
Accordingly, I vote to reverse the order, insofar as appealed from, and remit the matter to the
Civil Court for a new determination of plaintiff's motion for summary judgment.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 18, 2022